# McElroy, Deutsch, Mulvaney & Carpenter, LLP
**ATTORNEYS AT LAW**

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

WALTER F. TIMPONE
Direct dial:  (973) 425-8701
wtimpone@mdmc-law.com

August 8, 2011

***Via Electronic Filing and Federal Express***
Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 2230
New York, New York 10007-1312

   **RE:** *United States v. Carollo, Goldberg & Grimm*, **10 Cr. 654 (HB) (S.D.N.Y.)**

Dear Judge Baer:

  This firm represents Defendant Dominick Carollo in the above referenced matter. As it pertains to his statute of limitations defense, Mr. Carollo hereby joins in Section ID of Defendant Steven Goldberg's reply memorandum of law.

  Like Mr. Goldberg, Mr. Carollo did not remain employed by FGIC during the entire relevant time period. Mr. Carollo ceased working at FGIC in November 2002 and commenced employment with a direct FGIC competitor, Royal Bank of Canada, in July 2003. Nevertheless, according to the Indictment, Mr. Carollo allegedly participated in the FGIC conspiracies "until at least November 2006." Through his separation from FGIC and later competition against FGIC, however, Mr. Carollo effectively withdrew from any alleged FGIC conspiracies. *See, e.g., United States v. Nerlinger,* 862 F.2d 967, 974 (2d Cir. 1988); *United States v. Steele*, 685 F.2d 793, 804 (3d Cir. 1982)(termination of employment relationship "establishes a *prima facie* case for withdrawal"). As such, the statute of limitations runs from November 2002 when Mr. Carollo effectively withdrew from the alleged FGIC conspiracies and Counts I-III should be dismissed against him.

        Respectfully submitted,

        McElroy, Deutsch, Mulvaney & Carpenter, LLP

        /s/ Walter F. Timpone

        Walter F. Timpone