

**U.S. Department of Justice**

Antitrust Division

RECEIVED OCT 14 2011
U.S. DISTRICT JUDGE
S.D.N.Y.

New York Field Office

Antonia R. Hill
Attorney

Direct Dial: 215/597-1058
E-Mail: antonia.hill@usdoj.gov

26 Federal Plaza
Room 3630
New York, New York 10278-0140

212/335-8000

FAX 212/335-8023

October 14, 2011

VIA FACSIMILE (212) 805-7901

*U.S. v. Carollo*
*10CR654*

Honorable Harold Baer
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 2230
New York, New York 10007

Dear Judge Baer:

The parties received the Court's letter of October 13, 2011, and I write on behalf of the Government and defendants because we are concerned that rescheduling the trial to April 9, 2012 may not resolve the Court's Part I scheduling issue, and respectfully bring the following issues to the Court's attention.

First, while the Government has, at the Court's direction, narrowed the charges in this case and continues to attempt to streamline its evidence, it still anticipates that the Government's case-in-chief will take up to one month. Defendants have advised the Government that they believe when defense cross-examination and presentation of any defense are taken into account, the trial could be significantly longer.

During the summer, the parties requested that the Court schedule the trial for May 14, 2012, a request that was driven by concerns on both sides, as explained during the May 19, 2011 pretrial conference. The Government was concerned that an earlier trial date would conflict with the parallel trial before Judge Marrero, which involves many of the same witnesses, scheduled to begin in January 2012. The proposed May 2012 trial date was requested by defendants in order to accommodate their need to review and analyze a significant amount of audio and other discovery involving complex transactions the Government intends to prove. It is defendants' position that additional discovery produced by the Government since that time and certain issues they are encountering in reviewing that discovery reinforces their need for time to prepare for trial. The parties further advise the Court that they intend to maintain a dialogue with one

another in an attempt to resolve as many issues as possible prior to trial concerning admissibility of evidence, including audio recordings, and other evidentiary issues.

  The parties' concern is not with the April 9 trial date as such. Rather, we wanted to alert the Court that we are concerned that it will not resolve the Court's scheduling conflict with its Part I responsibilities.

Respectfully,

*Antonia Hill*

ANTONIA R. HILL<br>
Attorney<br>
Antitrust Division

cc: Counsel of Record (via email)

10/18/11

*Thanks for your patience. We will start on April 9 at 9:30 AM*

SO ORDERED

*Harold Baer*
USDJ

2

TOTAL P.03

Endorsement:

    Thanks for your thinking we will start on April 9 at 9:30 A.M.