USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/3/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

PETER GHAVAMI, GARY HEINZ, and MICHAEL WELTY,

Defendants.

No. 10 Cr. 1217 (JFK)

UNITED STATES OF AMERICA

-against-

DOMINICK P. CAROLLO, STEVEN E. GOLDBERG, and PETER S. GRIMM,

Defendants.

No. 10 Cr. 654 (HB)

UNITED STATES OF AMERICA

-against-

RUBIN/CHAMBERS, DUNHILL INSURANCE SERVICES, INC., DAVID RUBIN, ZEVI WOLMARK, and EVAN ANDREW ZAREFSKY,

Defendants.

No. 09 Cr. 1058 (VM)

**ORDER**

**JOHN F. KEENAN, HAROLD BAER, JR., and VICTOR MARRERO, United States District Judges:**

By letter dated October 11, 2011, third parties Investment Management Advisory Group, Inc., David Eckhart, and Martin Stallone requested permission to file their motion for a protective order and supporting exhibits under seal. The Government having no objection, the application is granted.

By letter dated October 25, 2011, Brune & Richard LLP, acting on behalf of an unnamed third party, requested permission to file under seal a response to the Government's application to disclose Brady material. The Government having no objection, the application is granted. Brune & Richard LLP is directed to file its motion in all three of the above-captioned cases no later than November 7, 2011. The Government shall respond by November 14, 2011. Brune & Richard LLP shall file its reply, if any, by November 22, 2011. Oral argument on both of the third party applications will be heard on December 2, 2011 at 3:30 p.m. in Courtroom 23-B.

Brune & Richard LLP further requests that all parties redact its client's name from their motion papers. In light of the fact that all papers relating to disclosure of the eight consensual recordings will be filed under seal, additional redaction is unnecessary. The Court will take appropriate measures, including the use of a pseudonym, to protect the client's identity should it be raised at oral argument.

**SO ORDERED.**

Dated: New York, New York
November 3, 2011

John F. Keenan
United States District Judge

Harold Baer, Jr.
United States District Judge

Victor Marrero
United States District Judge

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
ATTORNEYS AT LAW

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002-2220
856-488-7700
FAX 856-488-7720

1105 MARKET STREET, 15TH FLOOR
WILMINGTON, DE 19801-1201
302-504-7800
FAX 302-504-7820

437 MADISON AVENUE
29TH FLOOR
NEW YORK, NY 10022
212-201-1931
FAX 212-201-1939

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
FAX 215-772-7620

1235 WESTLAKES DRIVE
BERWYN, PA 19312-2401
610-889-2210
FAX 610-889-2220

CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 100
LINWOOD, NJ 08221
609-601-3010
FAX 609-601-3011

October 11, 2011

**VIA HAND DELIVERY**

The Honorable Harold Baer
United States District Court
Southern District of New York
500 Pearl Street, Suite 2230
New York, New York 10007-1312

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007-1312

RECEIVED
OCT 12 2011
JUDGE KEENAN'S CHAMBERS

Re: United States v. Carollo, et al., 10-CR-00654
United States v. Ghavami, et al., 10-CR-01217
United States v. Rubin/Chambers, Dunhill Insurance Serv., Inc., et al., 09-CR-01058

Dear Judges Baer, Keenan and Marrero:

Please find enclosed an unredacted copy of the Memorandum in Support of Investment Management Advisory Group, Inc., David Eckhart, and Martin Stallone's Motion for Protective Order and Evidentiary Hearing ("Motion") and accompanying supporting exhibits. The Notice of Motion was filed via ECF earlier today and we have enclosed herein a courtesy copy. Both the Memorandum and supporting exhibits include material that we believe should be filed under seal to prevent disclosure of privileged and confidential attorney client, attorney work product, and joint defense privileged communications. We are serving Mr. Charles Reilly and Ms. Lucy McClain, Trial Attorneys within the United States Department of Justice, Antitrust Division's "taint team," with unredacted copies of these materials.

As this motion possibly implicates all three proceedings, we have filed the motion in all three actions and make this request to you jointly.

We respectfully request permission to file a copy of the unredacted Memorandum and attachments under seal. Thank you for your attention to this matter.

Respectfully submitted,

Alfred J. Kuffler/ECD

Alfred J. Kuffler, Esq.

cc: Charles Reilly, Esq. (via e-mail and hand delivery, w/ attachments)
Lucy McClain, Esq. (via e-mail and hand delivery, w/ attachments)

**BRUNE & RICHARD LLP**

Tel 212 668 1900
Fax 212 668 0315

One Battery Park Plaza
New York, NY 10004

www.bruneandrichard.com

RECEIVED
OCT 26 2011
JUDGE KEENAN'S CHAMBERS

October 25, 2011

**BY HAND**

The Honorable John F. Keenan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1930
New York, New York 10007

**Re: *United States* v. *Ghavami, et al.*, S1 10-CR-1217 (JFK)**

Dear Judge Keenan:

We write in response to the government's application to disclose privileged *Brady* material (Dkt. #42) and the motion of third parties Investment Management Advisory Group, Inc., David Eckhart, and Martin Stallone for a protective order and evidentiary hearing (Dkt. #32), and pursuant to the Court's October 21, 2011 order setting a briefing schedule for those issues (Dkt. #41).

We represent an individual who nearly four years ago got a target letter indicating that he was a target in the parallel investigation that resulted in the three above-captioned cases. He has not been charged with any crime. Nor has any other action been commenced against him. On three of the seven recordings that the government seeks to disclose, his voice was recorded.

The recordings are largely exculpatory. During the recordings, though, the government's informants deliberately inquired into the substance of our client's communications with us. Judging from the government's application, this appears to have been part of a wider pattern: The government concedes that at least 41 of the 300 recordings it made contain privileged material.

Our client would like to file a response to the government's application. He is, however, also very concerned that public disclosure of his identity would result in an unwarranted invasion of his privacy and would unfairly require him to advertise that he got the target letter and that government informants taped him. We accordingly request an order permitting us to file his response under seal, directing all parties to redact his name from their motion papers, and providing that any hearing held on these issues shall be conducted in a way that prevents the disclosure of his identity.

We know that federal courts recognize a "strong presumption of public access to court records." *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) (citing *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). It is within the court's discretion, however, to grant a motion to seal if the moving party demonstrates a "sufficiently compelling justification." *In re Omnicom Group, Inc. Sec. Litig.*, No. 02 Civ. 4483 RCC/MHD, 2006 WL 3016311, at *1 (S.D.N.Y. Oct. 23, 2006). In making the determination whether to seal, courts balance the weight of the presumption of public access against "countervailing factors," such as the privacy interest of the person resisting disclosure. *See, e.g., United States* v. *Amodeo*, 71 F.3d 1044, 1049-51 (2d Cir. 1995).

As Judge Holwell recognized in the recent criminal case against Raj Rajaratnam, surreptitious recordings that have not yet been tested and found admissible are appropriately sealed. The harm from disclosure is significant, in part because the material at issue may never appear in the public record:

> Untested [recordings] may turn out to be inadmissible. There is a heightened chance that the public disclosure of such material would prejudice the defendants' right to a fair trial and the defendants' and third parties' privacy interests. . . . . Moreover, disclosure may compound the invasion of privacy of the defendants and others.

*United States* v. *Rajaratnam*, 708 F. Supp. 2d 371, 375 (S.D.N.Y. 2010) (citations and internal quotations omitted).

At the same time, sealing of untested recordings has very little meaningful effect on the public's right of access. If the recordings are found to be lawfully obtained, and are used at trial, the public will have access to them then.

> While the public disclosure of potentially suppressable [recorded] material could work particularly serious harm to defendants' fair trial rights and the privacy interests of defendants and third parties, the non-disclosure of untested [recorded] material, prior to a determination of its lawfulness on a suppression motion, would work comparatively mild harm to the public's First Amendment right of access. Should [recorded] material be found to have been lawfully obtained, the public's claim of access to that material will be stronger.

*Rajaratnam*, 708 F. Supp. 2d at 376 (citations and internal quotations omitted).

As Judge Holwell also observed, "a number of courts have held that no constitutional right of access extends to suppressed [recorded] material." *Rajaratnam*, 708 F. Supp. 2d at 376 (collecting cases). The same result should obtain for "potentially suppressable, but as yet untested, evidence[.]" *Id.* For, if the public were given access to the recordings before they have been tested for admissibility, the harm sought to be prevented by sealing would have already occurred, and the prohibition on access to suppressed recordings would be a nullity.

In sum, because "privacy and fair trial interests are at their zenith before the material has been tested," Judge Holwell held that "the scales at present tip more heavily in the direction of sealing," and directed the parties to redact the contents of the recordings from their filings until their admissibility had been determined. *Rajaratnam*, 708 F. Supp. 2d at 377 (citations and internal quotations omitted).

Although the court in *Rajaratnam* was addressing disclosure of Title III wiretaps, it was applying the same constitutional balancing test that applies here, and its reasoning applies here with at least equal force. Our client has been the subject of a deliberate invasion of his attorney-client relationship, and may be entitled to suppression of the recordings or other remedies under ABA Model Code of Professional Conduct Disciplinary Rule 7-104(A)(1), *see United States* v. *Hammad*, 858 F.2d 834, 837-38 (2d Cir. 1988); and the Fifth and Sixth Amendments, *see United States* v. *Stein*, 435 F. Supp. 2d 330, 365, 368-69 (S.D.N.Y. 2006). Under such circumstances, the tapes at issue arguably are not admissible as to any defendant and may never become part of the public record. In addition, our client has not been indicted or named as a defendant in any criminal or other action – and may never be. The reason he has become involved here is the government's request to disclose the recordings. His interest in avoiding an unwarranted invasion of privacy outweighs any interest the public might have in now obtaining access to the tapes.

For the foregoing reasons, we respectfully request an order permitting our client to file his response to the government's application under seal, directing all parties to redact his name from their motion papers, and providing that any hearing held on these issues shall be conducted in a way that prevents the disclosure of his identity.

Respectfully submitted,

Nina Beattie

cc (by email): All Counsel of Record
Charles Reilly
Lucy McClain

**M E M O R A N D U M**

To: Judge Harold Baer, Jr.
Judge Victor Marrero
From: Judge John F. Keenan JFK
Date: November 2, 2011
Re: U.S. v. Ghavami et al., 10 Cr. 1217 (JFK)
U.S. v. Carollo et al., 10 Cr. 654 (HB)
U.S. v. Rubin/Chambers, et al., 09 Cr. 1058 (VM)

---

Enclosed please find a proposed order regarding two requests to file under seal responses to the Government's application to disclose Brady material to the defendants in each of our cases. I have also enclosed copies of the letter requests referenced in the order.

Harold, if you agree with the proposed order, please sign and sent it to Victor for his review and signature. Thanks to you both.