USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/11

# LANKLER SIFFERT & WOHL LLP
### ATTORNEYS AT LAW

33RD FLOOR
500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX (212) 764-3701

December 14, 2011

Honorable Harold Baer, Jr.
Honorable Victor Marrero
Honorable Kimba Wood
United States District Judges
500 Pearl Street, Chambers 2230
New York, New York 10007-1312

Re: United States v. Carollo, et al., 10 Cr. 654 (HB)
    United States v. Rubin/CDR., et al. 09-CR-1058 (VM)
    United States v. Ghavami, et al. 10-CR-1217 (KW)

Dear Judges Baer, Marrero and Wood:

We write in response to the government's letter to the Court of this morning, on behalf of counsel for defendants in the captioned cases and the Image privilege claimants ("Counsel").*

Until we received the government letter, we had thought that the parties still were working together to submit a joint letter to the Court by December 16, as directed by the December 7 Order. We were endeavoring to formulate the areas of agreement and disagreement as to witnesses, affidavits and exhibits. Indeed, we had exchanged drafts of the proposed Joint Statement section. Last night, when I received the government's latest draft, I emailed to Laura Heiser that we were still "far away" from agreeing to the government's version of the areas of agreement, but that we were working on a formulation that could be acceptable to both sides, possibly even by later today. See Exhibit A, email from John Siffert to Laura Heiser, dated December 13, 2011. At the same time, I told Ms. Heiser that we were going to ask the Court to order the cooperating witnesses to appear at the December 20 hearing. I had explained in an earlier telephone conversation that there might not be sufficient time to have that issue resolved since the joint letter was not due until Friday.

In view of the government's decision prematurely to submit its position statement on the hearing, we provide our current draft of Counsel's Position. The section dealing with

---

* Brune & Richard proposes, subject to the Courts' approval, to attend the hearing on behalf of its client, John Doe, for the limited purpose of protecting Mr. Doe's interests in the attorney client privileged and work product materials.

**LANKLER SIFFERT & WOHL LLP**

Honorable Harold Baer, Jr.
Honorable Victor Marrero
Honorable Kimba Wood
December 14, 2011
Page 2

witnesses, affidavits and documents may change depending on further resolution of the Joint Statement section.

The section of the government's letter captioned "Areas of Agreement" does not accurately recite the areas that the parties have agreed upon. We will continue our efforts to work with the government to agree upon the Joint Statement section so as to narrow the issues to be decided by the Court.

Respectfully submitted,

John S. Siffert

JSS:ac

Enclosures

cc: Charles Reilly, Esq.
Laura Heiser, Esq.
Lucy McClain, Esq.
Deirdre McEvoy, Esq.
All defense counsel in *United States v. Carollo, et al.*
All defense counsel in *United States v. Rubin/CDR, et al.*
All defense counsel in *United States v. Ghavami, et al.*
Richard Scheff, Esq.
Chris Hall, Esq.
Nina Beattie, Esq.

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants and third parties.

SO ORDERED.

12-14-11
DATE        VICTOR MARRERO, U.S.D.J.

## John Siffert

**From:** John Siffert
**Sent:** Tuesday, December 13, 2011 6:08 PM
**To:** 'Heiser, Laura'
**Subject:** RE: U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

Laura,

I reviewed your draft joint letter. Unfortunately, it is very far away from anything we can sign onto. Upon first reading, it strikes us as very different than what we understood you had agreed to. We will need to review carefully your prior correspondence and notes to try to get the Joint Statement section in a format that resembles what we agreed to and what we think you will agree to. Because some of your positions in the government section are matters we dispute, it will also take us some time to formulate our position. There are also formatting issues: you have left us with a little more than one page for our position. We will need at least as many pages as you. We also have to work with our entire defense team. I do not think we will have a response tomorrow, although we will try.

We will be sending our letter to the Court tonight, and we will copy you.

John

---

**From:** Heiser, Laura [mailto:Laura.Heiser@usdoj.gov]
**Sent:** Tuesday, December 13, 2011 4:31 PM
**To:** John Siffert
**Subject:** RE: U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

John, I am sending you separately the joint letter to the Court we have drafted although we a awaiting final approval on it. I hope in this way you will not feel compelled to send a separate letter to the Court regarding the cooperators. Feel free to add your portion to the letter and send it back to us. Laura

---

**From:** John Siffert [mailto:JSiffert@lswlaw.com]
**Sent:** Tuesday, December 13, 2011 10:18 AM
**To:** Heiser, Laura
**Cc:** McClain, Lucy; McEvoy, Deirdre; Waszmer, Wendy
**Subject:** RE: U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

Laura,

In anticipation of this afternoon's call, we would like to add another document request that we hope you will agree to put into the "Parties' Joint Proposal" section; namely, the production of those portions of the transcripts of the monitored conversations setting forth the questions or statements posed by the cooperators to the targets that resulted in disclosure of privileged information to the extent that the production of those questions does not itself disclose privileged material.

John

---

**From:** Heiser, Laura [mailto:Laura.Heiser@usdoj.gov]
**Sent:** Tuesday, December 13, 2011 9:12 AM
**To:** John Siffert

1

**Cc:** McClain, Lucy; McEvoy, Deirdre; Waszmer, Wendy
**Subject:** RE: U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

We will call you at 4 pm. Laura

---

**From:** John Siffert [mailto:JSiffert@lswlaw.com]
**Sent:** Tuesday, December 13, 2011 8:23 AM
**To:** Heiser, Laura; Gabrielle Friedman; McEvoy, Deirdre; McClain, Lucy; Reilly, Charles
**Cc:** 'hheiss@omm.com'; 'mracanelli@omm.com'; 'bcucinella@omm.com'; 'wtimpone@mdmc-law.com'; 'rmulvaney@mdmc-law.com'; 'wkrzastek@mdmc-law.com'; 'rscheff@MMWR.com'; 'lnelson@mmwr.com'; 'JBeidel@saul.com'; 'chall@saul.com'; 'nbeattie@bruneandrichard.com'; 'michael.mcgovern@ropesgray.com'; 'alyssa.ziegler@ropesgray.com'; 'GPoe@poeburton.com'; 'rliwaisuen@poeburton.com'; 'jmeinig@poeburton.com'; 'jmitchell@stillmanfriedman.com'; 'cstillman@stillmanfriedman.com'; 'jonathan.halpern@bgllp.com'; 'phil.bezanson@bgllp.com'; 'dzelenko@crowell.com'; 'jrutherford@crowell.com'; 'ffielding@morganlewis.com'; 'pburton@poeburton.com'; 'EDougherty@mmwr.com'; Daniel Gitner
**Subject:** Re: U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

We can use the following dial in: (866) 285-7780 /CODE: 8192649#.

4PM works for me. Defense team: please email Gabi only (do not reply to all) if that time works. If not please propose another time.

---

**From:** Heiser, Laura
**To:** Gabrielle Friedman; McEvoy, Deirdre ; McClain, Lucy ; Reilly, Charles
**Cc:** hheiss@omm.com ; Racanelli, Mark A. ; Cucinella, Brooke E. ; WTimpone@mdmc-law.com ; RMulvaney@mdmc-law.com ; WKrzastek@mdmc-law.com ; Scheff, Richard ; lnelson@mmwr.com ; Beidel, Jennifer L. ; chall@saul.com ; nbeattie@bruneandrichard.com ; michael.mcgovern@ropesgray.com ; alyssa.ziegler@ropesgray.com ; gpoe@poeburton.com ; rliwaisuen@poeburton.com ; jmeinig@poeburton.com ; jmitchell@stillmanfriedman.com ; cstillman@stillmanfriedman.com ; jonathan.halpern@bgllp.com ; phil.bezanson@bgllp.com ; dzelenko@crowell.com ; jrutherford@crowell.com ; ffielding@morganlewis.com ; pburton@poeburton.com ; EDougherty@mmwr.com ; John Siffert; Daniel Gitner
**Sent:** Tue Dec 13 07:58:25 2011
**Subject:** RE: U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

I would propose we have a conference call after 4:00 p.m. on Tuesday at a time convenient for you. Let us know the time and dial in number for the conference call. Laura

---

**From:** Gabrielle Friedman [mailto:GFriedman@lswlaw.com]
**Sent:** Monday, December 12, 2011 6:10 PM
**To:** Heiser, Laura; McEvoy, Deirdre; McClain, Lucy; Reilly, Charles
**Cc:** 'hheiss@omm.com'; 'Racanelli, Mark A.'; 'Cucinella, Brooke E.'; 'WTimpone@mdmc-law.com'; 'RMulvaney@mdmc-law.com'; 'WKrzastek@mdmc-law.com'; 'Scheff, Richard'; 'lnelson@mmwr.com'; 'Beidel, Jennifer L.'; 'chall@saul.com'; 'nbeattie@bruneandrichard.com'; 'michael.mcgovern@ropesgray.com'; 'alyssa.ziegler@ropesgray.com'; 'gpoe@poeburton.com'; 'rliwaisuen@poeburton.com'; 'jmeinig@poeburton.com'; 'jmitchell@stillmanfriedman.com'; 'cstillman@stillmanfriedman.com'; 'jonathan.halpern@bgllp.com'; 'phil.bezanson@bgllp.com'; 'dzelenko@crowell.com'; 'jrutherford@crowell.com'; 'ffielding@morganlewis.com'; 'pburton@poeburton.com'; 'EDougherty@mmwr.com'; John Siffert; Daniel Gitner
**Subject:** U.S. v. Carollo et al., U.S. v. Ghavami et al., U.S. v. CDR/Rubin et al.

Laura,

Please see the attached letter and enclosure.

Thanks,

Gabi

Gabrielle S. Friedman
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, NY 10110-3398
tel: (212) 921-8399
fax: (212) 764-3701

==================================================================
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive this message), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail or contact Lankler Siffert & Wohl LLP at (212) 921-8399, and delete the message. Thank you.
==================================================================

==================================================================
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive this message), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail or contact Lankler Siffert & Wohl LLP at (212) 921-8399, and delete the message. Thank you.
==================================================================

==================================================================
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive this message), you may not use, copy, or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail or contact Lankler Siffert & Wohl LLP at (212) 921-8399, and delete the message. Thank you.
==================================================================

## Counsel Position

***Scope of the Hearing.*** This Court ordered an evidentiary hearing "to further develop the factual record as to the management of the confidential informants and any potential related intrusion into any privilege during the government investigation related to the three above-captioned prosecutions." This hearing was necessitated, in part, by the government's position that Counsel are "wrong" that any taint occurred, 11/22/2011 Letter from Charles Reilly to the Court, at 2; and that the government acted appropriately because "the FBI instructed the cooperating witnesses not to inquire about conversations with counsel and reiterated those instructions on an annual basis," Reilly Letter at 2-3, *see also* Tr. at 14, 15. The government repeatedly has declined Counsel's invitation to conduct its own investigation of what occurred and to put before the Court a full record of what happened.

It is not disputed that the government engaged in a significant taping program of targets known to be represented by counsel. The tapes produced to date demonstrate that the government caused at least eight cooperators to tape at least 33 individuals on a total of 350 occasions. According to the privilege logs that have been produced, at least seven cooperators invaded the privilege of 15 people on 28 occasions.

Counsel disagree that with the government's position that "the only issues to be addressed at the December 20, 2011 hearing are (1) ... whether the Government or its agents intentionally elicited attorney client privilege communications ... and (2) whether any member of the trial staffs ... may have been tainted..." The government ignores the issues raised and argued by Counsel on December 2; namely, a hearing is required to test the following two, alternative hypotheses about the government taping program: either (1) the government violated the applicable Disciplinary Rules and this Court's precedent by instructing cooperators to inquire into conversations that they had with their counsel, or (2) the witnesses violated government instructions not to do so. At the December 2 argument, the government argued that the witnesses were given appropriate instructions, suggesting the possibility that both hypotheses may be correct. Inadequate or improper instructions may have been given to cooperators who were managed with inadequate oversight and who, nevertheless, ignored the insufficient instructions.

At the argument, the government made representations to the Court that were incomplete and did not explain what happened. For example, the government did not address whether the taping program was done without proper authorization or supervision by attorneys from the Department of Justice. It appears that in 2006, the New York Office of the Antitrust Division may have sought and obtained oral approval from a Division Ethics Officer located in Chicago to conduct covert, pre-indictment recordings of represented parties. The government now refuses to produce this attorney's affidavit, much less make him available to testify. It also appears that an FBI Agent wired Dean Pinard, resulting in 11 occasions on which Pinard elicited privileged information from five targets. The New York Office, which initially sought the authorization, did not explain on December 2 why *Hammad*'s teachings that require compliance with New York Rule of Professional Ethics 4.2 (formerly DR 7-104(A)(1) of the NY Code of Professional Responsibility), apparently were not followed. It is also difficult to jibe these apparent facts with the Division's assertion at the December 2 argument, that this Court need not conduct a hearing at all, because the government had acted properly when it established a taint team as of

1

November 2006 to monitor the taping. Tr. at 14. The Division offered no explanation how these privilege intrusions occurred notwithstanding the creation of a taint team in 2006. In fact, it remains unclear which tapes the 2006 taint team reviewed for privilege and when, who heard such tapes before privileged portions were identified, why the government instituted a new taint team in or about April 2011, and what (if any) different conclusions about privilege the April 2011 taint team reached.

The development of a record of the management of the taping program and any intrusions requires testimony of both agents and cooperators. Common sense suggests that seven cooperators would not have asked 15 individuals about communications with their lawyers on 28 occasions, unless each had been trained to do so by the monitoring agent. This is especially so where, as here, all of the cooperators have plead guilty and are dependent on the government to submit a favorable 5K.1 letter at sentencing, stating that they have provided substantial assistance. The need for their testimony is underscored by the Division's assertion that an agent gave appropriate instructions and annual warnings.

In order to ascertain whether the cooperators were instructed to intrude into areas protected by privilege with knowledge that the rules and policies prohibit doing so, or whether it was an accident that occurred at least 28 times, requires a full record of how the taping program began, how it was managed by the agents and how it was supervised by Division attorneys. Until now, the government has been careful not to set forth the actual instructions and admonitions that were given; when they were given; to which cooperator(s) they were given; by whom they were given; and who has knowledge of them. This requires affidavits from those agents to be submitted in the first instance, subject to calling the affiants if the affidavits reveal knowledge that is germane to the hearing. The testimony of the cooperators is equally essential. It is not sufficient to hear testimony only from the agents who personally wired the cooperators. The cooperators' testimony is essential to establish how they were instructed and managed. The privilege incursions themselves have not been made available to counsel for defendants. At the hearing, Counsel will need access to those portions of the transcripts that set forth the questions or statements posed by the cooperators to the targets that resulted in disclosure of privileged information (to the extent that the production of those questions does not itself disclose privileged material).

The government ignores the Courts' instructions to consult with the third–party privilege claimants when it asserts that "these issues neither involve the unindicted third-party privilege claimants, nor impact their claim of privilege." McClain letter to Court dated December 14, 2011 fn1. Counsel for the third-party claimants, but not counsel for the defendants, have access to the tape portions that contain the invasions of privileged communications. This, alone, is a reason why IMAGE counsel are necessary to the conduct of the hearing on December 20.

*Witnesses and Affidavits*. Counsel propose that the following cooperating witnesses should be called to testify: **Doug Goldberg, Dani Naeh, Mark Zaino and Dean Pinard.** All four cooperators elicited privileged information from Counsel's clients. These tapes are "related to" the pending cases, Order at 2; the government moved the Court to provide the defendants with *Brady* material from those tapes. Counsel also seek affidavits from other cooperators in the taping program, **Matthew Rothman and Douglas Campbell,** subject to calling them as

2

witnesses if they have knowledge of the issues. Counsel seek affidavits from the following agents to determine whether they have personal knowledge of the subject matter of this hearing: FBI Special Agents Joy Mitchell, Brian Gander, Kevin Long, Alex Esconde, and Robert Silveri; IRS Special Agents Caroline Truesdell and Adrian Davila. Each of these agents' names appear on 3500 material that has been produced, and each participated in debriefing sessions with the cooperating witnesses. The government's refusal to produce affidavits from these witnesses on the ground that it is sufficient to produce an affidavit from their supervisors misses the point: the record needs to be developed from people with knowledge. Likewise, the government's assertion that the IRS agents' affidavits should not be produced because they were not involved in the actual taping ignores that these agents participated in debriefing sessions, learned knowledge of how the cooperators were managed during the taping program, and may have knowledge of instructions and warnings that were given. Counsel further seek an affidavit from the **Antitrust Ethics Officer(s)** who authorized the taping of represented targets.

3