

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/11
```

**U.S. Department of Justice**

Antitrust Division

---

Lucy McClain
*Attorney*

Direct Dial: 215/597-1131
E-mail: lucy.mcclain@usdoj.gov

*Philadelphia Field Office*

The Curtis Center, Suite 650 W
170 S. Independence Mall West
7th and Walnut Street
Philadelphia, Pennsylvania 19106-2424

215/597-7401
(Commercial & FTS)
FAX 215/597-8838

December 16, 2011

BY HAND DELIVERY

The Honorable Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Suite 1610
New York, New York 10007-1312

The Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street, Suite 2230
New York, New York 10007-1312

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

Re:  *United States v. Carollo, et al.*, 10-CR-00654
     *United States v. v. Rubin, Chambers, Dunhill, et al.*, 09-CR-01058
     *United States v. Ghavami, et al.*, 10-CR-01217

Dear Judges Baer, Marerro and Wood:

The Government respectfully submits this letter brief in response to defense counsel's letter dated December 15, 2011, seeking discovery of privileged materials that are not relevant to the limited purposes of the December 20, 2011 hearing. *See* Letter of John Siffert to the Court dated December 15, 2011. Specifically, the defense seeks documents relating to ethical advice provided to Department of Justice attorneys and internal communications amongst Department of Justice attorneys.[1]

---

[1]  The defense also seeks an application for a consensual Title III which is currently under seal. Although the Government does not believe this application is relevant to the issues at hand (Exhibit A to the application has already been produced as discovery/3500 material for this hearing), the Government, in an abundance of caution, is submitting an unsealing order to the Court so it can disclose this application to defense counsel.

As stated in its December 14, 2011 letter to the Court, it is the Government's understanding that the only issues to be addressed at the December 20 hearing are (1) whether the Government or its agents intentionally elicited privileged material during pre-indictment consensual tape recordings; and (2) whether any member of the trial staffs in the pending cases may have been tainted by accessing any of the consensual recordings. *See* Letter of Department of Justice to the Court dated December 14, 2011. Ethical advice relating to the decision of DOJ attorneys to contact represented individuals is not relevant to issues to be addressed at the hearing. The Government therefore declined to accede to a defense request to produce affidavits from a DOJ ethics officer. *Id.*

For similar reasons, the Government now declines to accede to the defense request to produce advice from a DOJ ethics officer to DOJ attorneys regarding their decision to engage in pre-indictment covert contacts with represented individuals. Evidence regarding ethical advice is not relevant to the hearing's limited purposes, and the Government will not seek to introduce such evidence at the hearing. Furthermore, contrary to defense counsel's claims, the advice in question does not constitute *Giglio* material as to the two testifying witnesses, Special Agents Mulvey and Zachariades. The advice in question addressed the decision of DOJ attorneys to engage in pre-indictment covert contacts with represented individuals as part of the grand jury's investigation; the advice was not directed at the agents, who monitored the consensual recordings.

Moreover, as defense counsel recognizes, the DOJ may cause cooperating witnesses to record conversations with unindicted targets represented by counsel under the "authorized by law" exception to the rule against contacted represented parties. *See, e.g., United States v. Nouri*, 611 F. Supp. 2d 380, 384-85 (S.D.N.Y. 2009) (citing *United States v. Hammad*, 858 F.2d 834, 839 (2d Cir. 1988)); see also *Grievance Committee for Southern Dist. of New York v. Simels*, 48 F.3d 640, 648-49 (2d Cir. 1995) (discussing *Hammad*). This exception applies regardless of the ethical advice sought or received.

In addition, the ethical advice in question is subject to several privileges. First, the advice given by in-house ethics counsel to an attorney employed by that organization is protected by that organization's attorney-client privilege. *See e.g., Nesse v. Pittman*, 206 F.R.D. 325, 330 (D.D.C. 2002). Likewise, advice given to Department attorneys by their in-house ethics officer is protected by the Department's attorney-client privilege. That advice also constitutes work product made by an attorney for the government in connection with the investigation. *See* Fed. R. Crim. P. 16(a)(2); see also *United States v. Nobles*, 422 U.S. 225, 238-39, n12 (1975) (work product doctrine applies in criminal cases, to files of both the prosecution and the accused). Finally, that advice is protected by the deliberative process privilege.[2] This privilege protects executive deliberations from public scrutiny in order to encourage "open [and] frank discussion between subordinate and chief concerning administrative action." *EPA v. Mink*, 410 U.S. 73, 87 (1973). Requiring the Department to reveal pre-decisional advisory opinions of ethics officials is likely to stifle open and frank communication within the agency. Ethics files have thus been

---

[2] If necessary, the Acting Assistant Attorney General of the Antitrust Division is prepared to submit to the Court a formal declaration invoking the deliberative process privilege.

found to be protected by the deliberative process privilege. *See, e.g., Broderick v. Shad*, 117 F.R.D. 306, 310-11 (D.D.C. 1987).

Defense counsel also requests other documents not relevant to the limited purposes of the December 20 hearing. For example, defense counsel seek internal communications amongst DOJ attorneys discussing, *inter alia*, grand jury and trial strategy and witnesses not specifically in connection with the consensual recordings. As set forth in its December 14 letter to counsel, the Government has already disclosed internal communications amongst DOJ attorneys that are relevant to filter team procedures and any taint of the prosecution teams. *See* Letter of Department of Justice to Counsel dated December 14, 2011. The remaining internal communications sought by defendants do not contain information relevant to the limited purposes of this hearing and include Rule 6(e) material relating to grand jury investigations that have not resulted in the above-referenced charged cases.

Significantly, the Government has not withheld these additional documents simply because they are not relevant to the issues currently before the Court. These documents contain attorney-client privileged information, constitute attorney and agent work product, are protected by the law enforcement and deliberative process privileges, or contain information that is subject to Rule 6(e) secrecy obligations. Nevertheless, the Government is willing to provide the documents in question for review *in camera* so that the Court may be assured that the documents are not relevant to the Court's inquiry.

In sum, defense counsel's request for these documents should be denied because the defense is seeking documents that are not relevant to the limited purposes of the December 20 hearing and that are protected by several government privileges.

Respectfully submitted,

LAURA HEISER/LUCY McCLAIN
Trial Attorneys, Antitrust Division
U.S. Department of Justice

cc: All Defense Counsel (by email)

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Government.

SO ORDERED.

12-19-11
DATE
VICTOR MARRERO, U.S.D.J.