LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

CHRISTOPHER N. MANNING
(202) 434-5121
cmanning@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 19, 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/11
```

**Via Facsimile**

The Honorable Harold Baer, Jr.
The Honorable Victor Marrero
The Honorable Kimba Wood
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:  Request to Intervene for Purpose of Asserting Privilege in
> *United States v. Carollo, et al.*, No. 10-cr-654(HB),
> *United States v. Rubin/CDR, et al.*, No. 09-cr-1058(VM), and
> *United States v. Ghavami, et al.*, No. 10-cr-1217(KW)

Dear Judges Baer, Marrero, and Wood:

    We are writing on behalf of non-parties UBS AG, UBS Financial Services, Inc., and UBS Securities LLC (collectively, "UBS") to request that UBS be permitted to intervene in the above-referenced matters for the limited purpose of asserting its privilege over certain communications that the Court is considering whether to disclose to the defendants.

    It is our understanding that the Court is reviewing the defendants' right to obtain certain audio recordings that contain potentially privileged information. We further understand that certain of the recordings at issue may contain communications that are protected by UBS's attorney-client privilege and/or the work product doctrine. We write to ensure that the contents of such communications are not disclosed without UBS having an opportunity to review these materials and assert its rights as the privilege-holder.

WILLIAMS & CONNOLLY LLP

Request to Intervene (Privilege), Nos. 10-cr-654(HB), 09-cr-1058(VM), and 10-cr-1217(KW)
December 19, 2011
Page 2

We have been in discussions with the government regarding this issue. On November 1, 2011, the government sent us a copy of a recording that contains references to discussions between UBS employees and UBS company counsel, and the government asked UBS to review it for privilege. UBS reviewed the recording, and on November 22, 2011 we informed the government that the recording did indeed contain communications protected by UBS's attorney-client privilege and that UBS was asserting its privilege over such communications. *See* Exhibit 1. UBS also asked the government to provide UBS with any other recordings referencing communications with UBS counsel prior to any review by government personnel, and prior to sending any portions of such recordings to third parties, so that UBS could make its own determinations regarding privilege (as opposed to relying on a government taint team, which would not have the same background knowledge relevant to the determination of whether privileges apply). *See* Exhibit 2. Today, the government informed us that it was likely to provide additional recordings for our review, and we are prepared to review them expeditiously.

Earlier this month, at the government taint team's request, we provided the factual and legal basis for UBS's assertion of privilege over the one communication provided to us to date. As we explained, the recording (CR-10000013-032) is protected by UBS's attorney-client privilege because it contains a conversation between two UBS employees (Mark Zaino and Gary Heinz) regarding the specific contents of conversations that each of them, in turn, had had with UBS in-house counsel (David Levy and John Moon) as part of counsel's collection of information for purposes of giving legal advice to UBS. At the time of the recorded conversation, Messrs. Zaino, Levy, and Moon were current employees of UBS, and Mr. Heinz was a former employee.

Because we have just come to understand that the Court is considering issues that may involve the applicability of UBS's privilege, we wanted to inform the Court of the company's position: UBS asserts its attorney-client privilege over all portions of the recording provided to us on November 1, 2011 that reflect the substance of communications with UBS counsel; and UBS also intends to assert all applicable privileges and/or protections over other recordings that similarly constitute or reference confidential communications with UBS counsel or information protected by the work product doctrine. With respect to the recording discussed above, it is well settled that communications between company employees (including former employees) and company counsel for the purpose of securing or providing legal advice are protected by the company's privilege.[1] The fact that the recording contains discussions about these privileged

---

[1] *See Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981); *Leucadia Inc. v. Reliance Ins. Co.*, 101 F.R.D. 674, 678 (S.D.N.Y. 1983); *see also Bank of New York v. Meridien BIAO Bank Tanazania Ltd.*, No. 95 Civ. 4856(SS), 1996 WL 490710, at *3 (S.D.N.Y. Aug. 27, 1996) ("[T]he weight of authority is that the privilege applies to communications between counsel and former employees of a corporate client."); *Surles v. Air France*, No. 00 Civ. 5004(RMB)(FM), 2001 WL 815522, at *6 (S.D.N.Y. July 19, 2001) (same).

WILLIAMS & CONNOLLY LLP

Request to Intervene (Privilege), Nos. 10-cr-654(HB), 09-cr-1058(VM), and 10-cr-1217(KW)
December 19, 2011
Page 3

communications, as opposed to the actual conversations with Messrs. Levy and Moon, does not change the analysis.[2] Moreover, neither Mr. Zaino nor Mr. Heinz has authority to waive privilege on behalf of UBS.[3]

We stand ready to conduct a privilege review of any tapes made available to us and to provide the Court with any additional information that is relevant to its consideration of the issues before it.

Respectfully submitted,

Christopher N. Manning (CM-4231)
Counsel for UBS

cc:    Counsel of Record (via email)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by _third parties UBS entities_.
>
> SO ORDERED.
>
> 12-20-11
> DATE          VICTOR MARRERO, U.S.D.J.

---

[2] See Reckley v. City of Springfield, No. 3:05-cv-249, 2008 WL 5234356, at *2 (S.D. Ohio Dec. 12, 2008) ("The fact that communication about legal advice is between or among employees of the client does not deprive it of its privileged status." (citing cases)); In re Sulfuric Acid Antitrust Litig., 235 F.R.D. 407, 433 (N.D. Ill. 2006) ("[T]he privilege issue is not settled by authorship or participation. The question is whether the communications rest on confidential information obtained from the client, or would reveal the substance of a confidential communication by the client." (citations omitted)); Long v. Anderson Univ., 204 F.R.D. 129, 134 (S.D. Ind. 2001).

[3] See Leucadia, 101 F.R.D at 680 ("the privilege can only be waived by the client itself").

LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

DAVID M. ZINN
(202) 434-5880
dzinn@wc.com

WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 22, 2011

**Via Federal Express and email**

Charles V. Reilly, Esq.
U. S. Department of Justice
Antitrust Division
New York Field Office
26 Federal Plaza, Room 3630
New York, NY 10278-0004

  Re: *United States v. Ghavami, et al.*, **10 Cr. 1217 (JFK)**

Dear Mr. Reilly:

  This responds to your letter of November 1, 2011 asking whether UBS intended to assert privilege with respect to the contents of Tape CR-10000013-032 -- an August 31, 2006 recording of a discussion between former UBS employees Mark Zaino and Gary Heinz that references conversations with UBS counsel. UBS does assert privilege as to the tape. Please provide us copies of the "redacted" versions that you have sent to various counsel so that we can determine whether the Department has released any information that UBS considers privileged.

  In the future, we request that you send us any materials referencing discussions with UBS counsel prior to reviewing them and prior to sending out any portions of them to third parties. UBS wishes to make its own privilege calls, and there is no exigency that requires a different process at this point in the case.

  Thank you for your cooperation.

              Sincerely,

              David M. Zinn

Exhibit 1

| | |
|---|---|
| From: | Zinn, David |
| Sent: | Friday, December 16, 2011 10:11 AM |
| To: | Reilly, Charles |
| Cc: | Smallwood, Jesse |
| Subject: | FW: UBS/Privilege |

Mr. Reilly: I am renewing my request, made via our phone call and my follow up email earlier this week (attached below), for a copy of all tapes referencing discussions with UBS counsel, so that UBS can make a determination whether to assert privilege. Thank you for your cooperation. David Zinn

**David Zinn**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5880 | (F) 202-434-5029
dzinn@wc.com | www.wc.com/dzinn

---

**From:** Zinn, David
**Sent:** Tuesday, December 13, 2011 10:50 AM
**To:** Charles.Reilly@usdoj.gov
**Subject:** UBS/Privilege

Dear Mr. Reilly: Thank you for speaking with me this morning. As discussed, it has just come to our attention that the government may be in possession of additional tapes (not just the one tape referenced in your November 1, 2011 letter) that contain references to discussions between former UBS employees and UBS company counsel. Please provide us a copy of those tapes so that we can make a determination as to whether UBS will assert privilege over any of this information. As mentioned in my November 22, 2011 letter, UBS wishes to review this material itself and not rely on a taint team of government lawyers to make privilege calls on its behalf. Given that there is no exigency here, it is most appropriate for the potential privilege holder to make these kinds of judgments. Best regards, David Zinn

**David Zinn**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5880 | (F) 202-434-5029
dzinn@wc.com | www.wc.com/dzinn

1

Exhibit 2