


**U.S. Department of Justice**

Antitrust Division

Charles V. Reilly
Attorney

Direct Dial: 212/335-8039
E-mail: Charles.Reilly@usdoj.gov

New York Field Office

26 Federal Plaza                           212/335-8000
Room 3630
New York, New York 10278-0004    FAX 212/335-8023

January 13, 2012

**BY HAND DELIVERY**

The Honorable Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Suite 2230
New York, New York 10007-1312

The Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street, Suite 1910
New York, New York 10007-1312

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

Re:   *United States v. Carollo, et al.*, 10-CR-00654
      *United States v. v. Rubin, Chambers, Dunhill, et al.*, 09-CR-01058
      *United States v. Ghavami, et al.*, 10-CR-01217

Dear Judges Baer, Marrero, and Wood:

The Government writes respectfully in response to the January 11, 2012 letter of third-party movants IMAGE, David Eckhart, and Martin J. Stallone (collectively, "the IMAGE Movants") requesting that the Court direct the Government to "clawback" consensual recordings that were disclosed pursuant to the Government's discovery obligations in the above-referenced cases. As set forth below, the Government is awaiting responses from several other third parties regarding their review of specific recordings, and intends to submit an Application to the Court next week asking the Court to determine (1) whether any of the consensual recordings at issue contain privileged information, or (2) whether any claim of privilege has been waived. If the Court determines that there are no privileged recordings or that any privilege has been waived, there is no need to claw back any consensual recordings and the Government should be permitted to continue to satisfy its discovery obligations in these cases by disclosing non-privileged consensual recordings. The Government respectfully requests that the Court defer ruling on the IMAGE Movants' request until the issues raised in the Government's Application have been briefed, so that all outstanding privilege issues can be addressed at once.

1

As the Court is aware, since October 2011, the Government has made several submissions to the Court regarding consensual recordings claimed to be privileged by the IMAGE Movants and other parties. First, in October 2011, the Government submitted an Application seeking leave of the Court to disclose seven consensual recordings that included *Brady* material, where portions of the recordings had been claimed as privileged by the IMAGE Movants and other parties. During a hearing on December 2, the Court assisted the parties in reaching a resolution regarding those seven recordings, which the Government had previously produced to defense counsel in each of the three cases. Since the privilege issues with respect to taped portions containing *Brady* material had been fully resolved and to avoid confusion, the Government thereafter requested that the defendants destroy prior copies of those seven recordings that had been produced. In providing revised tapes of the seven recordings, the Government did not concede that any tape was privileged. In contrast to those seven recordings, the parties have not resolved privilege issues with respect to other tape segments ("non-*Brady*" tapes)[1] that the IMAGE movants seek to have the Government claw back.

Second, the Government made submissions to the Court in connection with the December 20, 2011 hearing regarding consensual recordings, after which the Court issued a ruling on December 31, 2011 denying defendants' and the IMAGE Movants' requests for relief. In connection with its post-hearing submission, the Government provided the Court with a then-current version of the Government's privilege log, which listed 40 consensual recordings. *See* Government's Letter dated December 23, 2011, Exhibit A ("November 2, 2011 Log").[2]

As the Government noted in its December 23 submission, *see* December 23 Letter, n.1, the Government has continued to discuss claims of privilege regarding the 40 recordings, and has provided additional recordings to parties who have asked to review more material.[3] The IMAGE Movants now seek further relief relating to six of the recordings that were listed on the November 2, 2011 Log. The Government agrees with the IMAGE Movants that the Court's assistance is needed to resolve claims of privilege with regard to such tapes. However, for the purpose of efficiency and consistency, the Government wishes to present all outstanding issues relating to whether the consensual recordings contain privileged information to the Court at once. Several parties have not yet responded as to whether they will assert any privilege claim with regard to the recordings. The Government has requested that such parties respond immediately.

As the Government intends to submit its Application regarding any outstanding privilege issues to the Court next week, it respectfully requests that the Court defer ruling on the IMAGE Movants' requests until after the Government's Application is fully briefed. Indeed, if the Court determines that the recordings currently at issue do not contain any privileged material or that the

---

[1] These tapes have been referred to as "non-*Brady*" recordings because in contrast to the recorded segments at issue with the Government's October 2011 Application, the relevant segments here do not include any material identified by the Government as *Brady* material.

[2] This log contained tapes identified by the Government's filter team as potentially privileged and provided to the recorded parties for their review. As with the October 2011 Application, after discussions with these parties, the Government intended to present any unresolved issues relating to privilege claims to the Court for its determination and proceed as directed by the Court with regard to the handling of relevant recordings.

[3] For instance, several parties requested that the Government provide all tapes in which they were recorded, and the Government has provided such recordings, whether or not there is any question of privilege.

2

privilege has been waived, there is no reason to require the Government to claw back any material produced to defendants.

We thank the Court for its consideration of these matters.

Respectfully submitted,

*Charles V. Reilly*

CHARLES V. REILLY
LAURA HEISER
Trial Attorneys, Antitrust Division
U.S. Department of Justice

cc: Counsel for Privilege-Claimants (by e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Government.

SO ORDERED.

1-17-12
DATE          VICTOR MARRERO, U.S.D.J.

3