LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901

CHRISTOPHER N. MANNING
(202) 434-5121
cmanning@wc.com

(202) 434-5000

FAX (202) 434-5029

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/12
```

# MEMO ENDORSED

January 25, 2012

**Via Facsimile**

The Honorable Harold Baer, Jr.
The Honorable Victor Marrero
The Honorable Kimba Wood
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Request to Intervene for Purpose of Asserting Privilege in
            *United States v. Carollo, et al.*, No. 10-cr-654(HB),
            *United States v. Rubin/CDR, et al.*, No. 09-cr-1058(VM), and
            *United States v. Ghavami, et al.*, No. 10-cr-1217(KW)

Dear Judges Baer, Marrero, and Wood:

      We are writing on behalf of non-parties UBS AG, UBS Financial Services, Inc., and UBS Securities LLC (collectively, "UBS") to renew our December 19, 2011 request that UBS be permitted to intervene in the above-referenced matters for the limited purpose of asserting its privilege over certain communications that the government is seeking to produce to defendants.

*[Handwritten: Granted. /s/]*

      UBS initially requested leave to intervene after learning that the Court was considering whether defendants were entitled to obtain certain audio recordings containing communications protected by UBS's attorney-client privilege and/or the work product doctrine (the "UBS Recordings").[1] At that time, the government had provided UBS with only one recording to review for privilege; thus, our December 19 letter addressed only that one recording. On December 22, 2011, the Court denied UBS's request because, at that time, "the Government has not sought to disclose to defendants the recordings identified by UBS," and thus, "any privilege or protection held by UBS is not currently at issue in the proceedings before the Court."[2]

---

[1] Doc. No. 107 [*Carollo*]; 351 [*Rubin/CDR*]; 76 [*Ghavami*].

[2] Doc. No. 108 [*Carollo*]; 357 [*Rubin/CDR*]; 79 [*Ghavami*].

WILLIAMS & CONNOLLY LLP

Request to Intervene (Privilege), Nos. 10-cr-654(HB), 09-cr-1058(VM), and 10-cr-1217(KW)
January 25, 2012
Page 2

This issue is now back before the Court, as a result of the government's January 19, 2012 Application for permission to disclose certain UBS Recordings (and other recordings) to the defendants.[3] The Application refers to UBS as Privilege Claimant 6. Specifically, the government seeks an order "holding that none of the . . . recordings at issue is privileged or that the privilege has been waived," and "allow[ing] the Government to disclose to the Defendants in the three filed cases these recordings in their entirety, and to allow the Defendants to retain any tapes they currently possess as a result of prior discovery."[4]

The Application concerns 27 recordings, 5 of which contain communications potentially protected by UBS's attorney-client privilege and/or the work product doctrine. One of these recordings is the recording discussed in our December 19 letter to the Court, which is privileged for the reasons stated in that letter. As the government has informed the Court, the other four recordings were only recently provided to UBS.[5] Two of them were provided to UBS on January 19, the same day as the government filed its Application, and the other two were provided one week earlier. These new recordings are several hours in length, and UBS is in the process of reviewing them for privilege. It is already clear, however, that like the first recording, the new recordings contain discussions about the content of communications that then-current UBS employees had had with UBS in-house counsel.

In light of the Application, and for the reasons set forth above and in our December 19 letter, UBS respectfully renews its request to intervene for the limited purpose of protecting its privilege over the five UBS Recordings identified in the Application. UBS requests that it be permitted to file a brief in response to the Application by February 15, 2012.

Respectfully submitted,

*The undersigned has been advised by Judge Baer that he concurs in granting this request. Judge Marrero requests that he no longer be copied on documents relating to these cases.*

Christopher N. Manning (CM-4231)
Counsel for UBS

cc: Counsel of Record (via email)

---

[3] Doc. No. 118 [*Carollo*]; 386 [*Rubin/CDR*]; 84 [*Ghavami*].

[4] Mem. of U.S. in Supp. of Application for Order Resolving Claims of Attorney-Client Privilege or Attorney Work Product as to Consensual Recordings ("Mem."), at 11, Doc. No. 119 [*Carollo*]; 387 [*Rubin/CDR*]; 85 [*Ghavami*].

[5] Mem. at 6 n.7.

1-26-12
SO ORDERED, N.Y., N.Y.

*Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.