USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 1/26/12

# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706
www.kslaw.com

## MEMO ENDORSED

Kevin R. Sullivan
King & Spalding
Direct Dial: 202-626-2624
krsullivan@kslaw.com

January 25, 2012

**VIA FACSIMILE (212) 805-7901, (212) 805-7900, (212) 805-6382**

The Honorable Harold Baer, Jr., United State District Court Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 2230
New York, New York 10007-1312

The Honorable Kimba M. Wood, United State District Court Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 1910
New York, New York 10007-1312

The Honorable Victor Marrero, United States District Court Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007-1312

Re:  *United States v. Rubin, Chambers, Dunhill, et al.*, 09-CR-01058 (VM)
     *United States v. Carollo, et al.*, 10-CR-00654 (HB)
     *United States v. Ghavami, et al.*, 10-CR-01217 (KMW)

Dear Judges Baer, Wood, and Marrero:

I write in connection with the January 19, 2012 Application of the United States for an Order Resolving Claims of Attorney Client Privilege and Attorney Work Product as to Consensual Recordings (Docket Entry No. 386 in 09-CR-01058) (the "Application").

This firm is counsel to "Privilege Claimant 7" identified in the Application. Based on the circumstances discussed below, we respectfully request permission to intervene on behalf of Privilege Claimant 7 for the limited purpose of addressing the issues raised in the Application. We also respectfully request that the Court set a briefing schedule with responses to the Application due Wednesday, February 15, 2012. Such a schedule will permit us and our client sufficient time to properly review the recordings at issue and investigate the facts and circumstances surrounding the statements made on those recordings (which occurred more than

*[handwritten: Granted (KMW)]*

January 25, 2012
Page 2

five years ago), so that we can properly defend those portions of the recordings that are subject to our client's privilege.

We first learned on Friday, January 13, 2012, from counsel to a former employee of Privilege Claimant 7, that there were recordings that may implicate privileges held by Privilege Claimant 7. We contacted the Department of Justice ("DoJ") the afternoon of January 13 and asked DoJ to provide us a copy of the recordings based on the representations from the former employee's counsel about the contents of the recordings. DoJ refused our request on the ground that DoJ believed that the recordings only involved the former employee's potential attorney-client privilege and/or work product protections.

On the morning of Tuesday, January 17, the former employee's counsel played select portions of the recordings for us over the telephone. It was immediately clear, as it had been to the former employee's counsel, that Privilege Claimant 7's attorney-client and/or work product protections were at issue in many portions of the recordings. As a result, we contacted DoJ on January 17, and again requested that DoJ provide the recordings to us, so that we could listen to the recordings in full. At this point, DoJ agreed, and we received ten (10) recordings from DoJ on January 18.

We began to review the recordings after we received them on January 18 because we understood from DoJ that it wanted to make some type of application to the Court as soon as possible. By the early-afternoon of Thursday, January 19, we were able to confirm for DoJ that 2 of the 10 recordings did not contain Privilege Claimant 7's protected communications. We told DoJ that we believed that, based on the portions of the recordings we heard on January 17 and our preliminary review of some of the recordings DoJ sent us, a number of the remaining 8 recordings contained attorney-client and/or work product protected communications by both in-house and outside counsel to the then-current employee of Privilege Claimant 7. We also told DoJ that our review of the remaining 8 recordings was continuing, but that we would not be in a position to reach a final determination regarding the privilege issues by the end of the day on January 19. Because of this, and the fact that DoJ told us it intended to file its Application on January 19, DoJ agreed to inform the Court that the review of certain recordings was on-going.

DoJ filed the instant Application just a day after we received the 10 recordings from DoJ. Given our need to properly analyze the conversations on those remaining 8 recordings (as well as the facts and circumstances of those recordings that took place over five years ago), and to prepare a response in support of the privileges applicable to portions of those recordings, we respectfully request that the Court permit Privilege Claimant 7 to intervene for that limited purpose and to set Wednesday, February 15, 2012 as the date for responses to the Application. Of course, we continue to assess the remaining 8 recordings so that we will only bring before the Court the portions of those recordings that we believe are privileged or otherwise protected.

January 25, 2012
Page 3

       We appreciate in advance the Court's consideration of this request.

                 Respectfully,

*Kevin R. Sullivan*

                 Kevin R. Sullivan

cc:    all via e-mail
        Charles V. Reilly, Esq.
        Jesse Smallwood, Esq.
        Nina Beattie, Esq.

*The Court has been advised by Judge Baer that he concurs in granting this request.*
*Judge Marrero requests that he no longer be copied on documents related to these cases.*

*1-26-12*

**SO ORDERED, N.Y., N.Y.**

*Kimba M. Wood*

**KIMBA M. WOOD**
**U.S.D.J.**