UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

- v-

DOMINICK P. CAROLLO,
STEVEN E. GOLDBERG, and
PETER S. GRIMM,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

S1 10 Cr. 654 (HB)

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CAROLLO'S MOTION *IN LIMINE* TO SEVER

DEIRDRE A. McEVOY
Chief, Antitrust Division
U.S. Department of Justice
New York Field Office

ANTONIA R. HILL
STEVEN TUGANDER
KEVIN B. HART
AARON T. WOLFSON
Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8000

The Government respectfully submits this Memorandum of Law in Opposition to Defendant Carollo's Motion *In Limine* to Sever Counts One, Two and Three from Counts Five and Six. The Court should deny Defendant Carollo's motion and rule that the counts not be severed. Defendant Carollo's motion is untimely, as it was filed on February 24, 2012, well beyond the July 1, 2011 deadline for the filing of substantive motions imposed by the Court's Case Management Order. Moreover, Defendant Carollo's claim that he will be unfairly prejudiced absent severance is unfounded, and the relief that he requests is impractical and would result in a waste of judicial resources.

## ARGUMENT

### A. Defendant's Carollo's Motion Should Be Denied Because It Was Filed More Than Seven Months After the Court's Deadline For Filing Substantive Motions Had Passed

As noted above, Defendant Carollo's motion for severance was filed on February 24, 2012, well beyond the July 1, 2011 deadline for the filing of substantive motions imposed by the Court's Case Management Order. Defendant Carollo offers no explanation or justification as to why the Court should accept a substantive, severance motion more than seven months after the Court's deadline. Simply characterizing his request for severance as a motion *in limine* does not excuse Defendant Carollo's failure to timely file this motion. A motion of this magnitude, requesting severance of the currently scheduled April 16, 2012 trial into two or more trials, should have been filed by the July 1, 2011 substantive motion deadline - not in late February 2012, shortly before the trial is to begin. Defendant Carollo's failure to abide by the Court's Management Order is especially problematic here, because the Court and the parties devoted significant time and resources, not only to crafting the Case Management Order, but also to litigating and

resolving multiplicity, withdrawal, and statute of limitations motions brought by the co-Defendants in July 2011. During the course of the July 2011 motion practice, Defendant Carollo had the opportunity to move for severance, but failed to do so, and did not challenge the joinder of defendants or offenses. For this reason alone, Defendant Carollo's motion should be denied.

### B. Defendant Carollo's Motion Should Be Denied Because Defendant Will Not Be Unfairly Prejudiced if Counts One Through Three, and Five and Six are Tried Jointly

Defendant Carollo argues for severance based on his speculation that the jury may not be able to segregate the evidence that the Government introduces to prove the GE counts that charge him (One, Two and Three) from the FSA counts that do not (Five and Six). (Carollo Memorandum of Law In Support of Motion *In Limine* to Sever ("Carollo Mem." at 2-9)). For the reasons discussed below, Defendant Carollo's argument is flawed and should be rejected.

First, Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Second Circuit has determined that "joinder is proper where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quoting *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990)). In this case there is no dispute that the Indictment alleges that Defendants Carollo, Goldberg and Grimm engaged in the same acts and transactions that constitute the three GE wire fraud conspiracies alleged in Counts One through Three. Accordingly, Rule 8(b)'s

3

requirement is easily satisfied. In addition, Federal Rule of Criminal Procedure 8(a) provides that an Indictment may charge a defendant in separate counts with two or more offenses if the charged offenses "are of the same or similar character." As explained in the Government's Memorandum in Opposition to Defendant Goldberg's motion to sever filed at the same time as this opposition, Counts One through Three were properly joined with Counts Five and Six because Goldberg was charged in each count and the charged offenses are of the same or similar character, involving substantially the same type of conspiratorial, fraudulent conduct. (*See* Gov't Mem. in Opp. to Def. Goldberg's Mot. *In Limine* to Sever 4-5). Accordingly, Rule 8(a)'s requirement that the charged offenses be "of the same or similar character" is easily satisfied.

Nonetheless, defendants and offenses properly joined under Rule 8 may be severed, pursuant to Federal Rule of Criminal Procedure 14(a), if the joinder appears to prejudice a defendant. Any prejudice arising from joinder of Defendants Carollo, Goldberg and Grimm, and joinder of Counts One, Two and Three with Counts Five and Six falls far short of the kind and degree that warrants severance.

"A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). A defendant is not entitled to severance of his trial from that of his co-defendants even if the evidence against them is far more damaging or voluminous than the evidence against him. *See, e.g., United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003); *United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999). Nor is a defendant entitled to severance simply because a co-defendant is charged with additional offenses with which the

4

defendant is not charged. *See United States v. Cardascia*, 951 F.2d 474, 482-483 (2d Cir. 1991). The Second Circuit has made clear that "disparity in the quantity of evidence and of proof of culpability are inevitable in any multidefendant trial, and by themselves do not warrant a severance." *Id.* at 483. Similarly, "joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Locascio,* 6 F.3d 924, 947 (2d Cir. 1993); *see also United States v. Torres,* 901 F.2d 205, 230 (2d Cir. 1990) ("[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials.") (quoting *United States v. Chang An-Lo,* 851 F.2d 547, 557)). Furthermore, even when the "risk of prejudice is high . . . less drastic measures—such as limiting instructions—often suffice as an alternative to granting a Rule 14 severance motion." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003).

Carollo argues that he is entitled to severance simply because the Government may offer more evidence against his co-Defendants than against him. This argument is unavailing. As explained above, the Second Circuit has squarely considered and rejected the argument that severance is required when the evidence against co-defendants is more damaging or voluminous than the evidence against the defendant. *See Spinelli*, 352 F.3d at 55; *Walker,* 142 F.3d at 110; *Cardascia*, 951 F.2d at 483; *Torres*, 901 F.2d at 230. Similarly unavailing is Carollo's argument that the "substantial similarity of the conduct alleged' requires severance. In fact, the opposite is true, because as Rule 8(b) and the relevant case law make clear, the more similar the conduct the more that joinder is appropriate. In any event, the jurors can readily differentiate the offenses, despite their similarity, because of the precise demarcations between the charged conspiracies—each

charges a conspiracy between one provider and one broker and their co-conspirators and each broker-provider pair is different.

With respect to Count Five (conduct that relates to co-defendant Goldberg's relationship with broker CDR while he was employed at FSA), Defendant Carollo's claim of potential prejudice is primarily based on the Government's intention to present evidence that Goldberg paid illicit fees to CDR for purportedly "brokering" swap transactions between Defendant Carollo's then employer, Royal Bank of Canada, and FSA. The Government will present evidence of these swap transactions as part of its proof to show that CDR improperly steered contracts to Goldberg and his employer FSA in exchange for illicit fees that were disguised as swap brokerage fees. However, the Indictment does not allege, and the Government will not attempt to prove, that Defendant Carollo is guilty of the conduct alleged in Count Five. Moreover, the Court will have the ability to provide proper limiting instructions to remove any ambiguity that may exist in the mind of any juror about how to treat the evidence related to Count Five, when deliberating on the charges alleged against Defendant Carollo in Counts One through Three.

Properly instructed jurors are quite capable of segregating the Count Six conduct from the GE Counts, without unfairly prejudicing Defendant Carollo. *See United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006) ("As the Supreme Court has frequently observed, the law recognizes a strong presumption that juries follow limiting instructions."); *United States v. Germosen*, 139 F.3d 120, 128 (2d Cir. 1998) (approving instruction to jury that evidence related to post-conspiracy uncharged other acts evidence was not proof of the defendant's participation in the charged conspiracy); *Rittwegger*,

524 F.3d at 179 (rejecting defendant's prejudicial spillover claim where "the district court gave limiting instructions throughout the trial explaining when evidence could not be considered against a particular defendant, and the jury charge carefully explained that the jurors must consider the case against each defendant separately").

Second, with respect to Count Six (conduct that relates to Co-Defendant Goldberg's relationship with broker Image while he was employed at FSA), the Government does not intend to introduce any evidence that relates or refers to Defendant Carollo. Accordingly, Defendant Carollo's concern that the jury's receipt of evidence in Count Six will cause unfair prejudicial spillover to him is unwarranted. The Government will not attempt to prove that Defendant Carollo participated in Count Six, and the Court's instructions will reinforce this point. Therefore, there is no risk that properly instructed jurors would unfairly convict Defendant Carollo on the GE Counts, as a result of their hearing evidence of co-Defendant Goldberg conspiring with broker Image while Goldberg was employed at FSA.

Furthermore, the probative value of the Count Five and Count Six evidence is not outweighed, let alone substantially outweighed, by the risk of undue prejudice because the evidence related to Counts Five and Six is no more inflammatory than the evidence of the Counts One through Three conspiracies. *See United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006) (concluding that probative value of other acts was not outweighed by unfair prejudice because it did not involve conduct more inflammatory than the charged crime).

Finally, Carollo's severance request is highly impractical. Rather than having a single trial proceed in an efficient, logical and legal manner, Carollo requests that the

Court endorse the wasting of large amounts of time and resources by conducting multiple trials, during which witnesses will be required to testify multiple times and the same evidence will be repeated.[1] Undoubtedly, severance resulting in multiple trials is not in the interests of justice in this case.

## CONCLUSION

For all of the reasons discussed above, the Court should deny Defendant Carollo's motion, and rule that Counts One, Two and Three not be severed from Counts Five and Six.

Respectfully submitted,

DEIRDRE A. McEVOY
Chief, New York Field Office
Antitrust Division
U.S. Department of Justice

ANTONIA R. HILL
STEVEN TUGANDER
KEVIN B. HART
AARON WOLFSON
Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
212-335-8000

Dated:   New York, New York
         March 12, 2012

---

[1] As detailed in the Government's Memorandum in Opposition to Defendant Goldberg's Motion to Sever, because Goldberg is a defendant in Counts One through Three and Counts Five and Six, severance will require two trials involving substantial repetition of evidence and witness testimony. *See also United States v. Forde*, 699 F. Supp. 2d 637, 645 (S.D.N.Y. 2010) (denying severance, holding that any disparities in the amount of evidence relating to defendant, as compared to co-defendants, would not result in substantial prejudice to defendant "because (1) those disparities do not appear to be substantial; (2) some disparities are inevitable in multidefendant cases; and (3) the evidence that directly relates only to [defendant's] codefendants would likely be admissible against him in an individual trial."

8