UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - v -

DOMINICK P. CAROLLO,
STEVEN E. GOLDBERG, and
PETER S. GRIMM,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

S1 10 Cr. 654 (HB)

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANT GOLDBERG'S MOTION *IN LIMINE* TO SEVER

DEIRDRE A. McEVOY
Chief, New York Field Office
Antitrust Division
U.S. Department of Justice

ANTONIA R. HILL
STEVEN TUGANDER
KEVIN B. HART
AARON WOLFSON
Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT.......................................................................................................................1

    A.      Goldberg's Motion Should Be Denied Because It Asserts Claims Already
            Decided By The Court ....................................................................................1

    B.      Goldberg's Motion Should Be Denied Because It Was Filed More
            Than Seven Months After the Court's Deadline For Filing Substantive
            Motions Had Passed .......................................................................................3

    C.      Goldberg's Motion Should Be Denied Because Goldberg Will Not Be Unfairly
            Prejudiced if Counts One Through Three, and Five and Six are Tried Jointly .......3

    D.      Goldberg's Claim that the *Bruton* Doctrine Requires Severance is Contrary
            to Law in this Circuit ......................................................................................9

CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Bruton v. United States*, 391 U.S. 123 (1968) .................................................................. 9, 10

*Crawford v. Washington*, 541 U.S. 36 (2004) ....................................................................... 9

*Davis v. Washington*, 547 U.S. 813 (2006) .......................................................................... 10

*United States v. Amato*, 15 F.3d 230 (2d Cir.1994) .............................................................. 4

*United States v. Brand*, 467 F.3d 179 (2d Cir. 2006) ........................................................ 5, 6

*United States v. Brozyna*, 571 F.2d 742 (2d Cir. 1978) ........................................................ 5

*United States v. Burden*, 600 F.3d 204 (2d Cir. 2010) ........................................................ 10

*United States v. Cadet*, 664 F.3d 27 (2d Cir. 2011) .............................................................. 6

*United States v. Carollo*, No. 10 Cr. 654 (HB), 2011 WL 3875322
    (S.D.N.Y. Aug. 25, 2011) ................................................................................................ 2

*United States v. Carollo*, S1 10-CR-654, 2011 WL 5023241
    (S.D.N.Y. Oct. 20, 2011) ................................................................................................. 2

*United States v. Cervone*, 907 F.2d 332 (2d Cir. 1990) ........................................................ 5

*United States v. Cortinas*, 142 F.3d 242 (5th Cir. 1998) ................................................... 7, 8

*United States v. Germosen*, 139 F.3d 120 (2d Cir. 1998) ..................................................... 6

*United States v. Patterson*, 819 F.2d 1495 (9th Cir. 1987) ................................................... 7

*United States v. Pike*, 292 Fed. Appx. 108 (2d Cir. 2008) .................................................. 10

*United States v. Rittweger*, 259 F. Supp. 2d 275, 285 (S.D.N.Y. 2003) ............................ 5, 6

*United States v. Rittweger*, 524 F.3d 171 (2d Cir. 2008) ...................................................... 9

*United States v. Rutkoske*, 506 F.3d 170 (2d Cir. 2007) ....................................................... 6

*United States v. Saget*, 337 F.3d 223 (2d Cir. 2004) .......................................................... 10

*United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004) ....................................................... 4

*United States v. Santiago*, 174 F. Supp. 2d 16 (S.D.N.Y. 2001) .................................... 7

*United States v. Snype*, 441 F.3d 119 (2d Cir. 2006) .......................................................... 8

*United States v. Williams*, 506 F.3d 151 (2d Cir. 2007) ..................................................... 10

*United States v. Yaron*, No. S2-10-Cr-363, 2011 WL 3279054 (S.D.N.Y. 2011) ............. 10

*Zafiro v. United States*, 506 U.S. 534 (1993) ....................................................................... 7

**Rules**
Federal Rule of Criminal Procedure 14(a) ................................................................. 4, 5, 7

Federal Rule of Criminal Procedure 8(a) ................................................................... 3, 4, 8

Federal Rule of Evidence 404(b) .............................................................................................. 5

The Government respectfully submits this Memorandum in Opposition to Defendant Steven Goldberg's Motion *In Limine* to Sever Counts One, Two and Three (the GE conspiracies), from Counts Four, Five and Six (the FSA conspiracies) of the Superseding Indictment. Goldberg argues that he is entitled to severance because he withdrew from Counts One through Three, and there would be prejudicial spillover if those counts were tried jointly with Counts Five and Six. (Goldberg Memorandum of Law In Support of Motion *In Limine* to Sever ("Goldberg Mem.") at 3-5). In addition, Goldberg argues that trying the GE-centric counts with the FSA-centric counts creates *Bruton* problems because non-testifying co-defendants' statements would be admitted against him in a joint trial. (Goldberg Mem. at 5-17).

The Court should deny Goldberg's motion for several reasons. First, the issues raised by Goldberg's motion have already been addressed and denied by the Court. Second, Goldberg's motion is untimely because it was filed on February 24, 2012, well beyond the July 1, 2011 deadline for the filing of substantive motions imposed by the Court's Case Management Order. Third, Goldberg's claim that he will be unfairly prejudiced absent severance is unfounded and belied by prevailing case law in this Circuit. Finally, Goldberg's claim that the *Bruton* doctrine requires severance is contrary to law.

## ARGUMENT

### A.   Goldberg's Motion Should Be Denied Because It Asserts Claims Already Decided By The Court

Goldberg's instant motion repeats claims previously considered and rejected by this Court. Goldberg argues that because he withdrew from Counts One, Two and Three,

1

severance is required. On August 8, 2011, in support of his motion to dismiss and to compel a bill of particulars, Goldberg filed a reply memorandum of law ("Goldberg Reply Mem.") arguing, in part, that the statute of limitations bars Counts One, Two and Three as to him because he withdrew from the conspiracies charged in those counts in May 2001. (Goldberg Reply Mem. at 6-7). The reply was filed in conjunction with the Court's Case Management Order that required substantive motion responses and replies to be fully briefed by August 9, 2011.

On August 25, 2011, this Court denied Goldberg's motion to dismiss. In rejecting Goldberg's withdrawal argument, the Court held that "Goldberg argues that he withdrew from the conspiracies in Counts 1 through 3; he will have the opportunity to prove that at trial as well." *United States v. Carollo*, No. 10 Cr. 654 (HB), 2011 WL 3875322, at *4 n.5 (S.D.N.Y. Aug. 25, 2011).

Goldberg is now repackaging his prior motion to dismiss and labeling it a motion for severance. As such, Goldberg is making an improper request to have the Court reconsider claims it has previously considered and rejected, and his motion should be denied on this ground alone. As this Court previously explained in this case, "[i]t is beyond peradventure a party may not re-litigate an issue already decided by the Court simply because of a disagreement with the Court's determination." *United States v. Carollo*, S1 10-CR-654, 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) (citations omitted).

**B.    Goldberg's Motion Should Be Denied Because It Was Filed More Than Seven Months After the Court's Deadline For Filing Substantive Motions Had Passed**

Goldberg's motion for severance was filed on February 24, 2012, well beyond the July 1, 2011 deadline for the filing of substantive motions imposed by the Court's Case Management Order. Goldberg offers no explanation or justification as to why the Court should accept a substantive, severance motion more than seven months after the Court's deadline. Simply characterizing his request for severance as a motion *in limine* does not excuse his failure to timely file this motion. A motion of this magnitude, requesting severance of the currently scheduled April 16, 2012 trial into two or more trials, should have been filed by the Court's July 1, 2011 substantive motion deadline not in late February 2012, shortly before the trial in this matter is to begin. Accordingly, Goldberg's motion should be denied.

**C.    Goldberg's Motion Should Be Denied Because Goldberg Will Not Be Unfairly Prejudiced if Counts One Through Three, and Five and Six are Tried Jointly**

Goldberg argues that if he successfully proves that he withdrew from the conspiracies alleged in Counts One through Three, after the jury hears evidence surrounding his conduct related to those counts, the mere receipt of such evidence will result in prejudicial spillover that will unfairly affect the jury's ability to determine whether he is guilty of the conduct alleged in Counts Five and Six. (Goldberg Mem. at 3-5). For the reasons set forth below, Goldberg's prejudicial spillover argument is without merit, and his motion should be denied.

First, Federal Rule of Criminal Procedure 8(a) provides that an Indictment may charge a defendant in separate counts with two or more offenses if the charged offenses

3

"are of the same or similar character." This case falls squarely within Rule 8(a) because all the counts charge the same offense—wire fraud conspiracies—that are similar in character. Each conspiracy took the same form, an agreement between one broker and one provider and their co-conspirators and was carried out in the same ways. Specifically, the Indictment alleges that beginning in 1999 when Goldberg became employed by GE (which included the entities FGIC, Trinity and Trinity Plus), Goldberg participated in separate conspiracies with three brokers, CDR (Count One), Image (Count Two) and Tradition (Count Three), and their co-conspirators. The Indictment further alleges that from 2001 to 2006, while he was employed with FSA, Goldberg also participated in two additional conspiracies with two of the same brokers, CDR (Count Five) and Image (Count Six). As the Indictment alleges and the Government intends to prove at trial, upon leaving GE for FSA, Goldberg engaged in substantially the same type of conspiratorial, fraudulent conduct, although involving different transactions, with brokers CDR and Image. Accordingly, Rule 8(a)'s requirement that the charged offenses be "of the same or similar character" is easily satisfied.

Moreover, Goldberg cannot establish that he would be substantially prejudiced by the joinder of Counts One through Three with Counts Five and Six, as he must to be granted a severance under Federal Rule of Criminal Procedure 14(a). Under Rule 14 (a), a defendant seeking severance must demonstrate "not simply some prejudice but *substantial* prejudice" as a result of the joinder. *United States v. Sampson,* 385 F.3d 183, 190 (2d Cir. 2004) (citing *United States v. Werner,* 620 F.2d 922, 928 (2d Cir. 1980) emphasis added); *see United States v. Amato,* 15 F.3d 230, 237 (2d Cir.1994) ("Given the balance struck by Rule 8, which 'authorizes some prejudice' against the defendant, a

4

defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial prejudice .'" (quoting *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988)).

It is not sufficient for a defendant to show likelihood that a separate trial would benefit him. *See United States v. Cervone*, 907 F.2d 332 (2d Cir. 1990). "Rather, there must . . . be[ ] prejudice so substantial as to amount to a 'miscarriage of justice.'" *Id.* at 341. (quoting *United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)). "Such a showing is unlikely where proof at separate trials would largely overlap." *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978) (internal quotation marks omitted).

Here, Goldberg's prejudicial spillover argument falls woefully short of the standard for severance under Rule 14(a) as defined in this Circuit. First, there is substantial overlapping evidence and witness testimony that will be offered to prove both Counts One through Three and Counts Five and Six, and, therefore, joinder would promote judicial economy. Evidence of the conspiracies alleged in Counts One through Three would be admissible at a trial against Goldberg as background evidence for the conspiracies charged in Counts Five and Six. Indeed, "claims of prejudicial spillover rarely succeed, particularly in the context of conspiracy cases because the evidence could be admitted in the separate trials." *See United States v. Rittweger*, 259 F. Supp. 2d 275, 285 (S.D.N.Y. 2003).

In addition, even if Goldberg were to prove he withdrew from the GE conspiracies (or the Court were to try Counts One Through Three and Counts Five and Six separately), evidence of his participation in the GE conspiracies would be admissible under Rule 404(b) as other act evidence showing his knowledge and intent with respect to

5

the FSA conspiracies. Courts have "long acknowledged that 'prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged.'" *United States v. Brand*, 467 F.3d 179, 197 (2d Cir. 2006). Thus, the Government need "establish only a 'similarity or some connection' to establish that a prior act is relevant to one of the elements (in this case, intent) of the crime charged." *Id.; see United States v. Cadet*, 664 F.3d 27, 32-33 (2d Cir. 2011) (explaining that other act evidence offered to show knowledge or intent in particular is generally admissible where the evidence is "sufficiently similar to the conduct at issue to permit the jury to draw a reasonable inference of knowledge or intent from the other act.").

Here, as explained above, Counts One through Three charge the same offense, conspiracy to commit wire fraud, as Counts Five and Six, and all five of these conspiracies were similar in form and were carried out in similar ways. Thus, Defendant Goldberg's intent on the first three counts is powerful evidence of his knowledge and intent on the last two counts, regardless of whether Defendant Goldberg withdrew from the earlier conspiracies. *See United States v. Germosen*, 139 F.3d 120, 124–25, 128 (2d Cir. 1998) (upholding admission of fraud scheme, which was originally charged as part of the conspiracy, but the trial evidence showed occurred after conspiracy's end, to show intent to defraud in the charged conspiracy); *United States v. Rutkoske*, 506 F.3d 170, 174, 177-78 (2d Cir. 2007) (upholding admission of conversations regarding one securities fraud scheme to show knowledge of another securities fraud scheme four years earlier "[i]n light of the similarity between the [two] schemes").

In any event, any risk of spillover is minimal. Because the charges involve different brokers, co-conspirators and transactions, there is no reason to believe that a

jury would be unable to compartmentalize the charges. Moreover, any minimal risk that may exist can be cured easily with a limiting instruction to the jury. *See Rittweger*, 259 F. Supp. 2d at 286; *United States v. Santiago*, 174 F. Supp. 2d 16, 23 (S.D.N.Y. 2001) (the "risk of [prejudicial spillover] . . . can be mitigated through carefully crafted limiting instructions that warn the jurors to take into account only the evidence admissible against each defendant.").

None of the three cases cited by Goldberg advance his argument that joinder of these counts will result in prejudicial spillover. In the first case cited, *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court considered Rule 14(a)'s joinder of defendants prong, rather than its joinder of offenses prong, which is at issue here. Moreover, in that case, defendants claimed severance was required not because of withdrawal but, rather, as a result of mutually conflicting defenses among multiple defendants accused of federal drug charges. Nonetheless, in *Zafiro*, the Court affirmed the convictions at issue, holding that the defendants did not show that they were subjected to any legally cognizable prejudice that would have required severance. *Id.* at 541. Similarly, in *United States v. Patterson*, 819 F.2d 1495 (9th Cir. 1987), the Ninth Circuit also considered Rule 14(a)'s joinder of defendants prong, rather than its joinder of offenses prong, which is at issue here. Nonetheless, the Court held that appellants failed to carry their "heavy burden" in demonstrating that their joinder with other defendants was "so manifestly prejudicial that it outweighed the dominant concern with judicial economy." *Id.* at 1502.

Finally, in *United States v. Cortinas*, 142 F.3d 242 (5th Cir. 1998), the Fifth Circuit held that a group of defendants associated with a drug gang on trial for selling

marijuana should not have been tried jointly with a group of defendants from a second drug gang, who in addition to selling marijuana, was shown during the trial to have been involved in more inflammatory conduct including shootings and other acts of violence. *Id.* at 248. *Cortinas* does not advance Goldberg's argument however, because it involved neither joinder of offenses nor withdrawal. Moreover, in contrast to *Cortinas*, neither group of charged conspiracies—the GE conspiracies or the FSA conspiracies—involves more serious conduct or more inflammatory evidence. Rather, they are remarkably similar in character.

      Goldberg's prejudicial spillover argument is illogical, impractical and ignores the factual setting of this case. Goldberg's argument is illogical because if interpreted correctly, it would eviscerate the joinder provision contained in Rule 8(a). By Defendant Goldberg's logic, the joinder of offenses will always have the potential for unfair prejudicial spillover and must be severed before trial. This is so because if Goldberg's argument has merit, then it must be the case that whenever a jury acquits on one or more counts, prejudicial spillover from the evidence it heard on those counts will prevent the jury from fairly deliberating on other counts. Clearly this is not the state of the law, and courts have the ability to, and frequently do, issue proper limiting instructions to cure any potentially unfair prejudice that may arise. *See United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006) ("As the Supreme Court has frequently observed, the law recognizes a strong presumption that juries follow limiting instructions.").

      Goldberg offers no explanation as to why the jury, after hearing all of the evidence related to the five above-referenced counts, could not find that Goldberg participated and withdrew from the GE conspiracies alleged in Counts One, Two and

Three, while at the same time fairly consider his guilt or innocence on the FSA related conduct alleged in Counts Five and Six. On the contrary, in order to acquit Goldberg on his withdrawal theory, the jury will be required to focus on Goldberg's actions and conduct after he left GE, and carefully separate his GE conduct from his FSA conduct. Goldberg severely underestimates the ability of a properly instructed jury to act fairly. *See United States v. Rittweger,* 524 F.3d 171, 179 (2d Cir. 2008) (rejecting defendant's prejudicial spillover claim where "the district court gave limiting instructions throughout the trial explaining when evidence could not be considered against a particular defendant, and the jury charge carefully explained that the jurors must consider the case against each defendant separately."). Moreover, if Goldberg is successful in proving his withdrawal, the fact that he participated in the GE conspiracies (which Goldberg appears to concede occurred, otherwise he could not have withdrawn) is critically relevant to the jury's decision as to whether he also joined and participated in the FSA conspiracies.

Finally, rather than having a single trial proceed in an efficient, logical and legal manner, Goldberg requests that the Court endorse the wasting of large amounts of time and resources by conducting multiple trials, during which witnesses will be required to testify multiple times and the same evidence will be repeated. Undoubtedly, severance resulting in multiple trials is not in the interests of justice in this case.

**D.  Goldberg's Claim that the *Bruton* Doctrine Requires Severance is Contrary to Law in this Circuit**

Finally, Defendant argues that severance is required to avoid a violation of Defendant's Six Amendment rights, pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), which held that the Confrontation Clause is violated by the admission of a nontestifying co-defendant's confession that facially incriminates another defendant

9

against whom that statement is inadmissible. However, the Confrontation Clause is only triggered by statements that are "testimonial" in nature, see *Crawford v. Washington*, 541 U.S. 36 (2004); *Davis v. Washington*, 547 U.S. 813 (2006). As such, *Bruton* is only implicated by statements that are testimonial in nature. *See United States v. Pike*, 292 Fed. Appx. 108, 112 (2d Cir. 2008) ("because the statement was not testimonial, its admission does not violate either *Crawford* ... or *Bruton* ..."); *see also United States v. Williams*, 506 F.3d 151, 156 (2d Cir. 2007) (district court did not err by admitting one defendant's self-inculpatory, out-of-court, nontestimonial statement that also implicated a co-defendant because "the Confrontation Clause simply has no application to nontestimonial statements"); *United States v. Yaron*, No. S2-10-Cr-363, 2011 WL 3279054 at *9-10 (S.D.N.Y. 2011) (severance not required where out-of-court statements by non-testifying co-defendant were not "testimonial statements").

The Second Circuit has specifically held that consensual recordings, which are at issue here, are not testimonial in nature. *United States v. Burden*, 600 F.3d 204, 225 (2d Cir. 2010); *United States v. Saget*, 337 F.3d 223, 231 (2d Cir. 2004). Indeed, Goldberg concedes that the statements he claims create a *Bruton* issue are not "testimonial" in nature. (Goldberg Mem. at 16). Thus, there is simply no *Bruton* issue in this case and Goldberg's motion for a severance on that ground should be denied

## CONCLUSION

For all of the reasons discussed above, the Court should deny Goldberg's motion to sever Counts One, Two and Three from Counts Five and Six.

Respectfully submitted,

DEIRDRE A. McEVOY
Chief, New York Field Office
Antitrust Division
U.S. Department of Justice

ANTONIA R. HILL
STEVEN TUGANDER
KEVIN B. HART
AARON WOLFSON
Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
212-335-8000

Dated:  New York, New York
        March 12, 2012