UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA           :
                                   :
         v.                        :
                                   :        S1: 10 Cr. 654 (HB)
DOMINICK P. CAROLLO,               :
STEVEN E. GOLDBERG, and            :
PETER S. GRIMM,                    :
                                   :
                    Defendants.    :
                                   :
---------------------------------------------------------X

## **DEFENDANTS' PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

Howard E. Heiss
Mark A. Racanelli
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
*Attorneys for Defendant Peter S. Grimm*

John S. Siffert
Daniel M. Gitner
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8339
*Attorneys for Defendant Steven E. Goldberg*

Walter F. Timpone
MCELROY, DEUTSCH, MULVANEY &
CARPENTER LLP
1300 Mt. Kemble Ave.
Morristown, NJ 07962
Telephone: (973) 993-8100
*Attorneys for Defendant Dominick P. Carollo*

# PROPOSED ORAL VOIR DIRE

## Individual Voir Dire

1. What is your name?

2. What town or neighborhood do you live in?

3. With whom do you live? What do they do for a living?

4. Do you own your home or do you rent?

5. What is the highest level of schooling you have completed?

6. What is your current employment? Generally, what do you do at work? How long have you held your current position? If retired, what did you do before?

7. Do you have a spouse or partner? If so, how is he or she employed?

8. Do you have any children? How old are they? If they are adults, how are they employed?

9. What types of magazines, newspapers, and books do you read on a regular basis?

10. What television programs do you watch on a regular basis?

11. Do you belong to any civic, social, religious, political, or professional organizations?

12. Have you ever served in the military? If so, what was your rank at the time of discharge?

13. What do you do in your spare time?

14. Do you invest or have you invested in stocks, bonds or other financial instruments?

## Group Voir Dire

**A.  Introduction**

    1.  This is a criminal case. The Defendants DOMINICK CAROLLO, STEVEN GOLDBERG, and PETER GRIMM are charged in an Indictment. The Indictment is not evidence. It simply contains the charges or allegations that the Government is required to prove

1

to the satisfaction of the jury beyond a reasonable doubt. I would now like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

2. The Indictment contains a total of six counts, or charges. You will hear a lot more about these charges in the coming days, but let me now provide you with a brief summary of the allegations in this case. The Indictment alleges that the Defendants, who are in the financial services industry, conspired to defraud the issuers of municipal bonds and the IRS. The manner in which the Defendants are alleged to have done so is through manipulation of the bidding process by which financial services firms obtain investment agreements called guaranteed investment contracts, or GICs, with the issuers of the municipal bonds.

3. Do any of you have any personal knowledge of the charges in the Indictment in this case?

    3(a). Have any of you read or heard anything about this case?

    3(b). If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the fact issues of this case fairly and impartially?

**B. Nature of the Charges**

4. During the trial, you will hear evidence regarding the financial services industry. Does the fact that the charges involve the financial services industry or fraud alleged to have been committed in connection with the financial services industry make it difficult for any of you to render a fair verdict?

5. Have any of you lost a significant amount of money investing in stocks or other financial instruments?

5(a). Do any of you have a close friend or family member that lost a significant amount of money in stocks or other financial instruments?

5(b). If so, will that affect your ability to be fair and impartial in this case?

6. Have you or has anyone close to you been negatively affected by the financial problems of a company, government entity, or other organization because of allegations of fraud or other wrongdoing?

6 (a). If yes, please explain.

6 (b). Would this affect your ability to be fair and impartial in this case?

7. Have any of you, or any of your close friends or family members, ever worked on Wall Street or in the financial services industry in general?

8. Do you read the news about fraud or other alleged misconduct by individuals in the securities or finance industry?

8(a). If so, will anything that you read or saw affect your ability to be fair and impartial in this case?

8(b). Do you have any attitudes or beliefs toward the financial services industry or people who work in that industry that would affect your ability to be fair in this case?

9. Have you or any close friends or family members ever had any experience, either professionally or personally – for example, as an investor – related to:

    a. Municipal bonds?

    b. Securities of any kind?

    c. Finance or financial advising?

    d. Soliciting or submitting bids or proposals? If yes, how did that work?

e. Brokering, setting up, or negotiating deals or investments?

f. Tax preparation or tax advising?

g. If yes to any of the above, please describe the experience. Is there anything about this experience that that might cause you to lean in favor of one side or the other in this case? If yes, please explain.

C. <u>**Knowledge of the Trial Participants**</u>

10. As I have said, the Defendants in this case are DOMINICK CAROLLO, STEVEN GOLDBERG, and PETER GRIMM. [Please ask the Defendants to stand.] Do any of you know, or have you had any dealings, directly or indirectly, with the Defendants, or with any relative, friend, or associate of the Defendants?

10(a). To your knowledge, do any of your relatives, friends, associates, or employers know the Defendants?

11. Mr. CAROLLO is represented in this case by Walter Timpone, Esq., Walter Krzastek, Esq., Michael Devins, Esq., and James Smart, Esq. of the law firm McElroy, Deutsch, Mulvaney & Carpenter LLP. Mr. GOLDBERG is represented by John Siffert, Esq., Daniel Gitner, Esq,, Derek Chan, Esq. and Gabriella Geanules, Esq. of the law firm Lankler Siffert & Wohl LLP. Mr. GRIMM is represented by Howard Heiss, Esq., Mark Racanelli, Esq., and Brooke Cucinella, Esq. of the law firm O'Melveny & Myers LLP. [Please ask the attorneys to stand.] Julie Blackman is working with them for this phase of the trial. Do any of you know any of them or have you had any dealings, either directly or indirectly, with them or anyone associated with their law firms?

12. The government is represented here by the United States Department of Justice. While the Indictment was signed by the United States Attorney for the Southern District of New York, Preet Bharara, the conduct of the trial will be in the immediate charge of prosecutors from

the New York Regional Office, which is headed by Deirdre McEvoy. These prosecutors are Antonia Hill, Esq., Wendy Waszmer, Esq., Steven Tugander, Esq., Kevin Hart, Esq., and Aaron Wolfson, Esq. [Please ask the prosecutors to stand.] With them at counsel table is [INSERT NAME], a Special Agent with the Federal Bureau of Investigation. [Please ask Special Agent to stand.] Do any of you know any of the attorneys or agents for the Government? Have you had any dealings, either directly or indirectly, with any of them?

13. Do any of you know or have any of you had any personal or business dealings, either directly or indirectly with any of the following individuals and entities who may be called as witnesses or whose names may come up during the trial?

**[The Parties will provide the Court with a list of prospective witnesses and names that may be mentioned during the trial.]**

D. <u>**Relationship With the Government**</u>

14. Do any of you know, or have any association -- professional, business, or social -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the Antitrust Division of the Department of Justice or any section of the Department of Justice, the Securities and Exchange Commission, the Internal Revenue Service, or the Federal Bureau of Investigation?

> 14(a). Is any member of your family or close friend employed by any other federal department or agency, the military, any law enforcement agency, prosecutor's office, or any securities regulatory agency, whether federal, state or local?

15. Have you or any member of your family or any close friend ever applied for a position with any law enforcement agency or the IRS?

5

16. Do you have any bias, prejudice or other feelings either for or against the United States Attorney's Office, the Department of Justice, the Securities and Exchange Commission, the IRS, the FBI, or any other law enforcement or securities regulatory agency?

17. Have you, or any family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, the IRS, or the FBI, or had any interest in any such legal action or dispute?

18. Do you have any specialized knowledge about law, the criminal justice system, law enforcement, or private or criminal investigations?

### E. Relationship with Defense

19. Do you have any bias, prejudice, or other feelings for or against criminal defense attorneys or law firms that specialize in criminal defense?

### F. Prior Jury Service

20. Have you ever, at any time, served as a member of a grand jury, whether federal, state, or county court?

    20(a). If so, when and in what court did you serve?

21. Have you ever served as a juror in a trial in any court?

    21(a). If so, when and in what court did you serve and was it a civil or criminal case?

    21(b). Did the jury reach a verdict?

22. Have you ever served as either jury or grand jury foreperson?

23. Would any of these experiences interfere with your ability to be a fair and impartial juror in this case?

## G. Recorded Conversations

24. During the course of this trial, you will hear recorded telephone conversations involving Messrs. Carollo, Goldberg and Grimm, along with a number of other people. These recordings were made by the companies that then employed Messrs. Carollo, Goldberg and Grimm, as well as by other companies in the ordinary course of their business. Messrs. Carollo, Goldberg and Grimm knew that their telephone calls were being recorded and they consented to it. It is not unusual in the financial services industry for companies to record the telephone conversations of its employees.

25. Do any of you have any concerns or problem with the fact that the evidence in this case will include these types of recorded telephone calls?

## H. Experience as a Witness, Defendant, or Crime Victim

26 Have you, or any family member or close friend, ever been involved in or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

27. Have you, or any family member or close friend, ever been involved in or appeared as a witness in any investigations by the SEC, the IRS, FINRA, the NASD, or the New York Stock Exchange, or been questioned in any matter by investigators for such agencies?

28. Have you, or any family member or close friend, ever been a witness or a complainant in any criminal prosecution, state or federal?

29. Are you, or any family member, to your knowledge, now under subpoena or about to be subpoenaed in a criminal case?

30. Have you, any member of your family, business associate or close friend, ever been arrested or charged with a crime?

31. Have you, or any family member or close friend, ever been a victim of a crime, or ever pressed criminal charges against someone, or tried to press criminal charges against someone?

32. Have you, or any family member or close friend, ever been a victim of a fraudulent scheme?

> 32(a). In particular, have you or any member of your family ever lost money or property as a result of a fraudulent scheme?

33. Have you, or any family member or close friend, ever been involved in a lawsuit?

34. Have you, or any family member or close friend, ever had any experience with the legal system that caused you to have strong feelings about courts, law enforcement, or defense attorneys?

I. **Witnesses and Evidence**

35. The witnesses in this case may include law enforcement personnel, including Special Agents of the FBI and the IRS. Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

> 35(a). Can each of you agree to consider testimony from such witnesses fairly and impartially?

36. You will also hear testimony in this case from witnesses who were involved in criminal conduct and who have pleaded guilty to crimes and entered into cooperation agreements with the Government. These witnesses may be referred to as cooperating witnesses. In exchange for the testimony of these cooperating witnesses, the Government has agreed to bring

their cooperation to the attention of the judge at the time they are sentenced. Given the nature of these agreements, you will be asked to evaluate the credibility of these witnesses with particular scrutiny. Do you have any feelings about the use of evidence obtained from such witnesses that would make it difficult for you to render a wholly fair and impartial verdict?

        36(a). Do any of you believe that you could not be fair and impartial in a case in which you may hear testimony from a cooperating witness?

**J.**     **Personal Disabilities**

37. Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

38. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

39. Do any of you have any difficulty reading or understanding English to any degree?

**K.**     **Outside Investigation, Personal Beliefs**

40. Do you write any "blogs," or use any social networking sites, such as MySpace, Facebook, or Twitter? I draw your attention to these things because you are prohibited from communicating about this case with anyone and from doing any independent investigation whatsoever regarding this case, the parties to the case, the subject matter involved in the case, the witnesses in the case, or the attorneys involved in the case. Do not do any Internet searches regarding any person, company, or topic in any way involved in this trial until after the trial is concluded. Do not email about this case. To do so compromises the fairness of the trial and violates your oath as a juror. If selected as a juror, this prohibition will extend through the end of your jury service in this case.

40(a). Do you understand this prohibition? Please let me know if there is anything about it you do not understand.

40(b). Will you abide by this order as a juror? Please let me know if you would have any difficulty abiding by this order as a juror.

41. Have you formed any opinion about this case, or are you leaning in favor of one side, based on what you have heard in this courtroom today, before hearing any of the evidence?

42. Do you have any ethical, cultural, religious, political, or other beliefs that may prevent you from serving as a juror in this case - that you haven't already told us about?

**L.** **Function of the Court and Jury**

43. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be, and you may not base any verdict on your own views of what you may think was fair or ethically or morally required of the Defendants in connection with the business dealings you will hear about. At the conclusion of the case, your job will be to determine whether or not each Defendant is guilty beyond a reasonable doubt as charged in the Indictment, based on the law as I give it to you. Do any of you have any bias or prejudice that might prevent or hinder you from accepting and following the instructions of law that I will give you in this case?

44. If you are selected as a juror, I will instruct you and the rest of the jury that each of the Defendants is presumed innocent. Under the law, a Defendant is presumed to be innocent and cannot be found guilty of the crime charged in the Indictment unless a jury, after having

heard all the evidence in the case, unanimously decides that the evidence proves the Defendant's guilt beyond a reasonable doubt. When you think about each Defendant, can you honestly say that you assume that each is innocent?

    44(a). Is there anyone who feels one or more of the Defendants are probably guilty or may even be guilty?

45. Is there anyone who feels that it is not likely that the Government would charge an innocent person, or that anyone the Government indicts is likely to be guilty?

46. The burden of proving a defendant guilty beyond a reasonable doubt rests entirely on the prosecution as I will instruct you. A defendant has absolutely no burden of coming forward with any evidence in order to establish his innocence. Do any of you, because of personal feelings or otherwise, disagree with those principles? Would any of you be unable to follow my instructions on that issue or any other issue?

47. The Defendants each have a constitutional right not to testify. I will instruct the jury that no unfavorable inference may be drawn from the fact that a Defendant does not testify in this case. In other words, a juror cannot hold it against a Defendant that he elected to exercise his constitutional right not to testify. That is because the law never imposes upon the Defendant in a criminal case the obligation to testify himself, to call any witnesses, or to present any evidence. Is there anyone who feels that if a Defendant chooses not to testify or present any evidence, it may have an impact, no matter how little, on your view of his guilt or innocence?

    47(a). Is there anyone who will hold it against a Defendant if he chooses not to testify?

    47(b). On the other hand, if any Defendant does testify, can you give him a fair hearing and not disregard his testimony merely because he is the accused?

48. I will also instruct the jury that no Defendant ever has to prove that he is innocent. Is there anyone who feels that a Defendant should present evidence of his innocence at this trial?

    48(a). Is there anyone who would expect or prefer that a Defendant present evidence of his innocence at trial?

49. I will also instruct the jury that as you consider whether the Government has met its burden of proof, you must consider each Defendant separately. You may find that the Government has met its burden for one or more Defendants and not others. Is there anyone who feels he or she cannot evaluate each Defendant separately?

    49(a). Can everyone here determine each Defendant's guilt or innocence based solely on the evidence, or lack of evidence, presented against each Defendant without regard to the guilt or innocence of any other Defendant?

50. Under our law, there is no such thing as guilt by association. Accordingly, no Defendant may be found guilty of a crime merely from the fact that he was present at the time the crime was being committed, or because he associated with people who are guilty of criminal wrongdoing, or even because he had knowledge that a crime was being committed. Can everyone here follow that rule of law?

    50(a). Is there anyone who thinks they might have difficulty following that instruction?

51. I expect this trial to take approximately [X weeks]. Do any of you have any physical or personal problems or commitments that would prevent you from serving in this case for the time period that I have indicated?

52. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any

juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

\* \* \*

Dated: March 19, 2012
New York, New York

Respectfully submitted:

/s/ Howard E. Heiss

Howard E. Heiss
Mark A. Racanelli
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
*Attorneys for Defendant Peter S. Grimm*

/s/ Walter F. Timpone

Walter F. Timpone
MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP
1300 Mt. Kemble Ave.
Morristown, NJ 07962
Telephone: (973) 993-8100
*Attorneys for Defendant Dominick P. Carollo*

/s/ John S. Siffert

John S. Siffert
Daniel M. Gitner
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8339
*Attorneys for Defendant Steven E. Goldberg*