

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | SAN FRANCISCO |
| BRUSSELS | 7 Times Square | SHANGHAI |
| CENTURY CITY | New York, New York 10036 | SILICON VALLEY |
| HONG KONG | TELEPHONE (212) 326-2000 | SINGAPORE |
| LONDON | FACSIMILE (212) 326-2061 | TOKYO |
| LOS ANGELES | www.omm.com | WASHINGTON, D.C. |
| NEWPORT BEACH | | |

April 9, 2012



OUR FILE NUMBER
336,915-002

WRITER'S DIRECT DIAL
(212) 326-2116

WRITER'S E-MAIL ADDRESS
hheiss@omm.com

**VIA FACSIMILE AND U.S. MAIL**

Honorable Harold Baer, Jr.
United States District Judge
United States Courthouse
500 Pearl Street
Room 2230
New York, New York 10007

Re: **United States v. Carollo et al., S1 10 Cr. 654 (HB)**

Dear Judge Baer:

      On behalf of all parties in the above-referenced action, we respectfully submit the following requests relating to courtroom technology and other requests for trial:

      1. The parties request the Court's permission to bring the audio/visual equipment specified in the enclosed list to present and display documentary and audio evidence to the Court, the jury, and witnesses.

      2. The parties request the Court's permission to allow Andy Cepregi from Doar Litigation Consulting, a third-party technology vendor providing equipment for use by the government as well as the defense, to assist in the delivery, set-up, testing and operation of the requested audio/visual equipment prior to and during trial. The defendants further request that Mr. Cepregi be permitted to bring two Macbook laptops, a small server, and a Blackberry into the court room to efficiently coordinate and operate the courtroom technology on behalf of defendants during trial.

      3. Defendants also request permission to store and use daily one laptop, one printer, and one MiFi card, or wireless router, in the witness room that Your Honor has designated for defendants' use during trial.

      4. The parties request the Court's permission to enter the courtroom at 10:00 a.m. on Friday, April 13, 2012, or at another time at the Court's convenience to deliver, set-up, and test the audio/visual equipment. The Defendants request permission to set up the equipment in the witness room at the same time. Doar will deliver the equipment via a white Ford Eco-Line 150 van, New York license number 28128 JR. The van will be driven by Doug Briggs.

O'MELVENY & MYERS LLP

Honorable Harold Baer, Jr., April 9, 2012 - Page 2

5. The Defendants request permission for each defense team to bring three laptops into the court room for daily use for the duration of the trial.

6. The government requests permission for the prosecution team to bring five laptops into the court room for daily use for the duration of the trial.

7. The parties request that the following personnel be permitted to bring a Personal Electronic Device (*i.e.*, a Blackberry, iPhone, or similar device) into the courthouse for the trial's duration:

| Defense Counsel and Staff | Title |
|---|---|
| **McElroy, Deutsch, Mulvaney & Carpenter, LLP on behalf of Mr. Carollo** | |
| Walter Timpone | Attorney |
| James R. Smart | Attorney |
| Walter Krzastek | Attorney |
| Michael Devins | Attorney |
| Calvin Woo | Attorney |
| **Lankler Siffert & Wohl LLP on behalf of Mr. Goldberg** | |
| John S. Siffert | Attorney |
| Daniel M. Gitner | Attorney |
| Gabrielle S. Friedman | Attorney |
| Derek Chan | Attorney |
| Gabriella Genuleas | Attorney |
| Drew T. Johnson-Skinner | Attorney |
| Deborah Landis | Attorney |
| Deepa Rajan | Attorney |
| Kathryn Malizia | Attorney |
| Andrew Miao | Paralegal |
| Stephanie Brooks | Paralegal |
| Summer Yuan | Paralegal |
| Emma Isakoff | Paralegal |
| **O'Melveny & Myers LLP on behalf of Mr. Grimm** | |
| Howard E. Heiss | Attorney |
| Mark A. Racanelli | Attorney |
| Brooke E. Cucinella | Attorney |
| Elizabeth T. Augustine | Law Clerk |
| Antonio De Anda | Paralegal |
| Matthew Howard | Paralegal |
| Emily Atwater | Paralegal |

O'MELVENY & MYERS LLP

Honorable Harold Baer, Jr., April 9, 2012 - Page 3

| Government Counsel and Staff | Title |
|---|---|
| Marc Siegel | Attorney |
| Deidre McEvoy | Attorney |
| Antonia R. Hill | Attorney |
| Wendy H. Waszmer | Attorney |
| Steven Tugander | Attorney |
| Kevin B. Hart | Attorney |
| Aaron Wolfson | Attorney |
| Eric C. Hoffman | Attorney |
| Jeffrey Parker | Attorney |
| Roman Babadzhanov | Paralegal |
| Stephanie Raney | Paralegal |
| Daniel Grodzki | Paralegal |
| William Cuomo | Paralegal |
| Scott Minning | Case Manager / IT Specialist |
| Adam High | IT/Specialist |

Should the Court grant the parties requests, we will coordinate the set up of audio/visual equipment with Mr. Dennis Swain.

Respectfully submitted,

Howard E. Heiss
of O'MELVENY & MYERS LLP

cc: Counsel of Record (*via* e-mail)

*[Handwritten note:]* This proposed # of devices is OK subject to the Standing order M10-468 which requires that each applicant be a member of the Bar of this Court + have a service pass. Further the Rule requires that w more than three laptops you must obtain the approval of Judge Kaplan Chair of the Technology Committee.

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
Date: 4/10/12

O'MELVENY & MYERS LLP

Honorable Harold Baer, Jr., April 9, 2012 - Page 4

## Equipment to be provided by Doar Litigation Consulting

| Quantity | Courtroom Technology |
|---|---|
| 1 | Projector/Central Monitor |
| 1 | 8'x 10' Projection Screen |
| 10 | Dell 17" Flat Panel Monitors for use by the Court, Court Clerk, witnesses, and attorneys |
| 2 | 15" Touch Screen Flat Panel Monitors for attorney and witness annotations |
| 1 | Document Camera ("ELMO") |
| 7 | VGA Distribution Amplifiers |
| 1 | VGA Switcher |
| 2 | A/V Tables w/ Skirt |
| 1 | MiniDeps System including control box with amp, distribution amps, touch screen controller, and judge kill switch |
| 2 | Bose Panaray Speakers for audio presentation |
|  | Cabling and miscellaneous A/V cables |
|  | If necessary, an additional screen or monitor to display documents and transcripts to the jury. |

DOC # 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In the Matter of                                  :
                                                  :     STANDING ORDER
Electronic Devices and                            :     M10-468
General Purposes Computing Devices                :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

At its meeting of February 17, 2010, the Board of Judges of the Southern District of New York approved adoption of the following standing order of the court and attached standard form of order, effective April 1, 2010 :

(a)   No one other than court officials engaged in the conduct of court business shall bring any camera, transmitter, receiver, recording device, Personal Electronic Device, or General Purpose Computing Device into the courthouses of this district and their environs except as permitted by this rule. "Environs" for purposes of this rule includes the entire United States Courthouse properties including all entrances to and exits from the buildings. Any violation of this rule may result in sanctions including, but not limited to, fines and forfeiture of the privileges granted by this Rule.

(b)   Any member of the Bar of this Court with a valid Service Pass issued by the District Executive's Office[1], Assistant United States Attorneys and Federal Defenders, in each case for this district, may, subject to security screening, bring one Personal Electronic Device into the courthouses of this district and their environs for that attorney's own use. The Personal Electronic Device may not be shared with any other person and must not be used in a manner that disrupts or interferes with any judicial proceeding. No Personal Electronic Device may be brought into any courtroom or judicial chambers if the judge to whom the courtroom or chambers is assigned prohibits the introduction of such devices.

(c)   Members of the Bar with a valid Service Pass issued by the District Executive's Office, Assistant United States Attorneys and Federal Defenders, in each case for this district, may, with the written permission of the judge presiding and subject to security screening, bring General Purpose Computing Devices into the courthouses of this district and their environs for use in trials and proceedings in presenting evidence, managing and accessing documents and files, and making use of the Internet access service provided by a private vendor under contract with the Court. The written permission of the judge presiding shall be granted only by means of a standard form of order[2] which shall (1) enumerate specifically the devices for which permission is granted, and (2) be prescribed, and may be amended from time to time, by the Court in

---

[1] The District Executive's Office will issue an appropriate Service Pass to an attorney who has been admitted to the Bar of this Court and presents a valid State Unified Court System Attorney Service Pass.

[2] Attached as exhibit A.

accordance with its internal procedures. General Purpose Computing Device screens and monitors are limited to one screen or monitor per General Purpose Computing Device and shall not obstruct vision or otherwise interfere with the proceedings. The judge presiding shall not grant permission for any party or group of commonly represented parties to bring more than three General Purpose Computing Devices into the courthouses of this district and their environs without prior consultation with the Chair of the Technology Committee or the Chair's designee.

(d) All sound emitting capabilities including, without limitation, any ring tone or vibrating sound, must be off whenever a Personal Electronic Device or General Purpose Computing Device is in any courtroom. No Personal Electronic Device or General Purpose Computing Device may be used in any courtroom for communicating with other individuals or entities without the express permission of the Judge. Any capability of a Personal Electronic Device or General Purpose Computing Device to make or record images or sounds or to send or receive wireless transmissions and any infrared ports therein shall be off whenever the device is in any courthouse of this district or their environs, except that telephone calls, e-mails, internet research and text messaging shall be permitted, in each case outside of the courtroom. Printers, scanners and other noise-emitting devices shall not be connected to authorized Personal Electronic Devices or General Purpose Computing Devices while in a courtroom. No Personal Electronic Device or General Purpose Computing Device shall be connected to the Court's computer network or any device connected thereto. No General Purpose Computing Device that is connected to a court reporter's device for the purpose of receiving a real-time feed may be networked with any other Personal Electronic Device or General Purpose Computing Device.

(e) The Chief Judge or, in the absence of the Chief Judge, the Chair of the Court's Security Committee, may suspend the privilege of bringing Personal Electronic Devices or General Purpose Computing Devices into the courthouses and their environs that is granted by this Rule. The suspension may be in whole or in part and may affect only particular courthouses and their environs or parts thereof. Any such suspension shall terminate at the conclusion of the next regularly scheduled meeting of the Board of Judges except to the extent the Board of Judges continues the suspension either in its original or a modified form.

(f) *Definitions*

   (1) "Personal Electronic Device" includes any cellular telephone, personal digital assistant, Palm Pilot, iPhone, Blackberry, personal digital assistant, and any other comparable device except for a "General Purpose Computing Device."

   (2) "General Purpose Computing Device" includes any laptop, notebook, netbook and desktop computer, and any other comparable device.

SO ORDERED.

_Loretta A. Preska_
Loretta A. Preska
Chief Judge

Dated:   New York, New York
         February 17, 2010

Endorsement:

    This proposed number of devices is OK subject to the Standing Order M 10-468 which requires that each applicant be a member of the Bar of this Court and have a service pass. Further the Rule requires that with more than three laptops you must obtain the approval of Judge Kaplan, Chair of the Technology Committee.