```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :
                                  :
       v.                         :
                                  :
DOMINICK P. CAROLLO,              :     S1-10-CR-654 (HB)
STEVEN E. GOLDBERG, and           :
PETER S. GRIMM,                   :
                                  :
                    Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONSENT ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) REGARDING THE UNITED STATES' PRODUCTION OF CERTAIN CONSENSUAL RECORDINGS, GOVERNMENT INTERVIEW MEMORANDA, REDACTED THIRD PARTY MATERIAL, AND THIRD PARTY WRITTEN MATERIAL**

WHEREAS the United States has produced to defendants in the above-captioned case the following materials to which Privilege Claimant 7, who is identified in the Government's Application for an Order Resolving Claims of Attorney-Client Privilege or Attorney Work Product as to Consensual Recordings (see Docket Entry No. 85 in 10-CR-1217), asserts or may assert privilege:

a. Ten (10) redacted consensual recordings identified as CR-0000014; CR-0000018; CR-0000023; CR-0000026; CR-0000028; CR-0000030; CR-0000034; CR-0000040; CR-0000041 and CR-0000043.

b. Four (4) redacted Government interview memoranda containing potentially privileged material identified as D. C. 10/13/05; D. C. 4/30/07; D. P. 2/25/09; D. P. 2/26/09.

c. Five (5) redacted third party documents dated 10/16/03; 1/6/03; 5/6/04 (2 bear this date); and 11/3/04.

1

d. Four (4) written material dated 8/15/02; 10/24/03; and 11/5/03 (2 bear this date).

WHEREAS, the United States has represented to defendants that Privilege Claimant 7 has taken the position that the above-indentified consensual recordings and Government memoranda, are attorney-client privileged communications and/or otherwise contain privileged information.

WHEREAS, the United States has represented to defendants that Privilege Claimant 7 did not receive the redacted third party documents from the Government until April 4, 2012 and the written material until April 5, 2012, and that Privilege Claimant 7 believes that the above-described redacted third party documents and written material may also contain privileged information;

WHEREAS, the United States does not believe that any of the above referenced materials are subject to a valid claim of privilege;

WHEREAS, the United States, Privilege Claimant 7 and the defendants in the above-captioned matter agree that the defendants should be permitted to use the consensual recordings insofar as they contain material claimed to be privileged by Privilege Claimant 7 (other Privilege Claimants also assert privilege to portions of CR-0000023; CR-0000026; CR-0000028; CR-0000030; CR-0000040: CR-0000043), the Government interview memoranda, the third party documents, and the third party written material without limitation in this action, other than as provided in the Protective Order in place in this matter, provided that the Court enter this Consent Order pursuant to Fed. R. Evid. 502(d); and

WHEREAS, the United States, the defendants, and Privilege Claimant 7 have no objection to the entry of this Order:

IT IS HEREBY ORDERED THAT

Pursuant to Fed. R. Evid. 502(d):

(a) The Government's disclosure of the consensual recordings, Government interview memoranda, redacted third party documents, and third party written material identified above, and defendants' use of the such material in connection with this proceeding does not constitute a waiver of Privilege Claimant 7's attorney client privilege or work product protection in the above-captioned matters pending before the Court, and

(b) The Government's disclosure of the consensual recordings, Government interview memoranda, redacted third party documents, and third party written material identified above to defendants, and defendants use in connection with this proceeding does not constitute a waiver of Privilege Claimant 7's attorney client privilege or work product protection in any other federal or state proceeding pursuant to Fed. R. Civ. P. 26, Fed. R. Crim. P. 16, and /or analogous state rules.

SO ORDERED

*James C. Francis IV*

THE HONORABLE JAMES C. FRANCIS

United States District Magistrate Judge

Dated: New York, New York

April 12, 2012